[No. 6302.    Decided January 15, 1907.]

THE STATE OF WASHINGTON, *On the Relation of Columbia Valley Railroad Company, Plaintiff,* v. THE SUPERIOR COURT FOR CLARKE COUNTY *et al., Respondents.*[1]

EMINENT DOMAIN—CORPORATIONS—STATUTORY REQUISITE OF SUBSCRIPTIONS TO STOCKS—EVIDENCE—STOCK BOOKS. The properly identified stock books of a railway corporation, showing the names of the subscribers of all the capital stock, is presumptive evidence that all the stock was subscribed, as required by Bal. Code, § 4250, to entitle the railway to condemn land for right of way.

SAME—SUBSCRIPTION BY TRUSTEE.   A subscription to the capital stock of a corporation by one subscribing as trustee, shows a liability to pay therefor and is a sufficient subscription, in the absence of want of good faith or insolvency, to entitle a railway to condemn land for a right of way.

EMINENT DOMAIN—RAILROADS.   One railroad company may appropriate the lands of another where there is a necessity therefor, and where the lands can be taken without material detriment to the established road.

Certiorari to review an order of the superior court for Clarke county, McCredie, J., entered July 9, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, granting a petition to condemn a right of way through land appropriated by another railway.   Affirmed.

*W. W. Cotton, Coovert & Stapleton,* and *Ralph E. Moody,* for relator.

*James B. Kerr* and *George T. Reid,* for respondents.

[1]Reported in 88 Pac. 332.

MOUNT, J.—Certiorari to review an order of the superior court of Clarke county in condemnation proceedings. The Portland & Seattle Railway Company brought an action in the superior court of Clarke county to condemn certain described parcels of land, alleged to be necessary for the construction of its main line of railway down the north shore of the Columbia river. The Columbia Valley Railroad Company, the relator herein, and others, were made parties defendant. The relator filed an answer to the petition in condemnation, admitting that the said petitioner was a corporation duly organized under the laws of this state for the construction and operation, and has full power and authority to construct, maintain, and operate railroads within this state, and that said petitioner has surveyed and located, and is now engaged in building, a line of railroad on the north bank of the Columbia river from a point opposite Pasco to Vancouver in this state, which railroad is being built as a common carrier of freight and passengers. The answer then denied that the lands described in the petition were necessary for the use of the petitioner, and as an affirmative defense, the Columbia Valley Railroad Company alleged, in substance, that it was a corporation under the laws of this state, authorized to construct a line of railway down the north bank of the Columbia river; that it had located and adopted and intends to build a line of railway along said river from a point opposite Wallula to Ilwaco in this state; that it has purchased considerable portions of its right of way, and is actually negotiating and endeavoring to acquire the whole thereof; that it is engaged in the construction of its road; that the land sought to be condemned by the Portland & Seattle Railway Company is land which was purchased by the Columbia Valley Railroad Company for its own right of way, and is necessary therefor; that the location of the line of the Columbia Valley Railroad Company was long prior to the location of the petitioner over said lands; that the line of the Portland & Seattle Railway

Company conflicts and interferes with the line of the Columbia Valley Railroad Company, a large portion of the distance across said premises, and that the said land is not located in a canyon, pass, or defile, and that it is not necessary for said petitioner to have or acquire a right to use or jointly enjoy with this defendant the said right of way purchased by this defendant for its own use over said premises.

The petitioner, Portland & Seattle Railway Company, denied generally all the allegations of the answer. Upon these issues the cause was tried. The court found that the lands sought were for a public use, and necessary for the construction of the Portland & Seattle Railway Company's line; that before the commencement of the proceedings to condemn the land, the Columbia Valley Railroad Company had made no attempt to use the lands for railroad purposes or other public use, and that the Columbia Valley Railroad Company had not acquired the land in good faith for railroad purposes, but was seeking to hinder and delay other railroad companies from building a line of railway down the north bank of the Columbia river. From these findings, the court concluded that the Portland & Seattle Railway Company was entitled to appropriate the lands, but reserved for the period of one year to the Columbia Valley Railroad Company the right to construct a railroad across the premises on either side of the Portland & Seattle railway, but not closer than thirty feet to the center line thereof. The jury was thereupon ordered to assess the damages. From this preliminary adjudication this writ was sued out.

It is first contended that there was no sufficient proof that all the stock of the Portland & Seattle Railway Company had been subscribed, and also because C. M. Levy subscribed as trustee, that he was not personally liable, and since his principal was not disclosed no one was liable for the stock, and therefore the railway company was not authorized to institute condemnation proceedings. These questions were considered

by us in *State ex rel. Biddle v. Superior Court*, 44 Wash. 108, 87 Pac. 40, where the rights of this same company were involved. We there held that the subscription of C. M. Levy, trustee, was a binding obligation upon him, and that the books of the company were *prima facie* evidence of the stock subscriptions. This decision was made while this case was pending here, and counsel for relator now very strongly urge that it is opposed to the great weight of authority upon these points, and that we should now overrule that case. It is true the rule has been severely criticised, but nevertheless we think it is a wholesome rule in cases of this character where no hardship can result therefrom.

It is admitted by the pleadings that the Portland & Seattle Railroad Company is duly organized, existing, and has full power to construct, maintain, and operate railroads within the state. The relator's property cannot be taken without payment is first made. These facts being conceded, and no attempt being made to show that the stock was not actually subscribed *bona fide* by parties responsible therefor, it seems that very slight proof of the fact of subscription in full of the capital stock ought to be sufficient. To hold that the books of the corporation are not competent to prove the original subscription of the stock in cases like this, where there is no issue upon the question, would require evidence from each of the subscribers or from persons who are familiar with their handwriting, to the effect that the original stockholders actually subscribed for the stock. This would be impossible in old established corporations, or in corporations having a large number of widely separated original subscribers for stock, and in such cases should not be required. We are satisfied that the rule in the *Biddle* case is a fair and sensible one, and therefore decline to overrule it.

It is contended that the premises in question are not subject to condemnation by the Portland & Seattle Railway Company, because such premises were acquired by the Colum-

bia Valley Railroad Company for railway purposes. Conceding that the Columbia Valley Railroad Company acquired the premises in good faith for railroad purposes, and intends within a reasonable time to devote the lands to such use by constructing a railroad thereon, it has been held that one railroad company may appropriate the lands of another in this state where there is necessity therefor, and where the lands sought can be taken without material detriment to the established road. *State ex rel. Spokane Falls & N. R. Co. v. Superior Court,* 40 Wash. 389, 82 Pac. 417; *Seattle etc. R. Co. v. Bellingham Bay etc. R. Co.,* 29 Wash. 491, 69 Pac. 1107; *Seattle etc. R. Co. v. State,* 7 Wash. 150, 34 Pac. 551, 38 Am. St. 866, 22 L. R. A. 217.

· The facts in this case show that both roads can readily accommodate themselves to the right of way in dispute, and that the Columbia Valley Railroad Company needs only to straighten its line which the evidence shows can readily be done to its advantage when the road is built. Upon a careful examination of the whole record, we find no error, and the order of the lower court must therefore be affirmed.

HADLEY, C. J., CROW, FULLERTON, and RUDKIN, JJ., concur.

DUNBAR and ROOT, JJ., took no part.