[No. 8044.   Department Two.   October 5, 1909.]

B. SCHADE BREWING COMPANY, *Appellant*, v. FALLS CITY PICKLE WORKS *et al.*, *Respondents*.[1]

WATERS AND WATER COURSES—DRAINS—SEVERANCE OF OWNERSHIP—COVENANTS—DOMINANT AND SERVIENT ESTATES. Where the owner, for his own convenience, constructed a drain across two lots to an outlet, and afterwards conveyed the dominant and servient estates to different parties by warranty deed, no obligation rests upon the grantee of the dominant estate to remove or close the drain, but the burden thereof rests upon the grantee of the servient estate.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered February 8, 1909, upon granting a nonsuit at the close of plaintiff's case, dismissing an action to enjoin the maintenance of a drain, and for damages. Affirmed.

*H. M. Stephens*, for appellant.

*L. L. Westfall*, for respondent Falls City Pickle Works.

*Graves, Kizer & Graves*, for respondent Spokane & Inland Empire R. Co.

*L. R. Hamblen, F. D. Allen*, and *Harry A. Rhodes*, for respondent City of Spokane.

PER CURIAM.—For some time prior to the year 1902, Cyrus Happy was the owner of blocks 17 and 18 in one of the additions to the city of Spokane. There was a pond on

[1]Reported in 104 Pac. 175.

block 18 and other adjacent lands, and by permission of the city Happy constructed a six-inch underground tile drain from this pond across Sheridan street lying between the two blocks to a gulch in block 17 leading to the Spokane river. Some time after the construction of this drain, Happy conveyed block 17 to one Frost, Frost conveyed to one Schade, and Schade conveyed to the plaintiff, the B. Shade Brewing Company. Block 18, on the other hand, was conveyed by Happy, or through mesne conveyance from Happy, to the defendant Falls City Pickle Works. Soon after the plaintiff acquired title to block 17, it constructed a brewery near the outlet of this drain, and placed a manhole at the end of the drain as constructed by Happy, continuing the drain further down towards the river. From time to time this drain would clog up and the water from the drain undermined the brewery buildings, causing damage to the walls and floors. The present action was instituted against the Pickle Works and the city of Spokane, to restrain them from flowing the water from the pond on block 18 onto block 17, and to recover damages for past injuries. The plaintiff did not claim any liability on the part of the city, but alleged that the Pickle Works claimed that the drain was a public sewer of the city, and the city was made a party defendant to avoid a multiplicity of suits. At or about the time of the commencement of the action, the Pickle Works sold out to the Spokane & Inland Empire Railroad Company, and the railroad company was made a party defendant. At the close of the plaintiff's testimony the court granted a nonsuit, and from the judgment of nonsuit, the present appeal is prosecuted.

The appellant has discussed at considerable length the question of the implied grant and implied reservation of easements, and contends that upon the conveyance of block 17 by deed of general warranty with covenants against encumbrances, the right to flow water or maintain the drain from block 18 to block 17 ceased. The respondents, other than the city, on the other hand, declare that they have no concern

with this abstract question; that the drain was constructed by the common grantor of the two blocks; that if the appellant desires to close the drain it must do so at its own expense; that the respondents did not construct the drain and are under no obligation to abate or close it. This latter contention, in our opinion, must be sustained. If a property owner constructs a drain from one portion of his property to another for his own convenience, and later sells the dominant and servient estates to different parties, no obligation rests on the grantee of the dominant estate to undo what was done by his grantor. If the right to continue the drain does not survive after the conveyance, the burden rests upon the grantee of the servient estate to remove or close the drain, rather than upon the grantee of the dominant estate. *Stevens v. Stevens*, 11 Met. (Mass.) 251, 45 Am. Dec. 203; *Hodgkins v. Farrington*, 150 Mass. 19, 22 N. E. 73, 15 Am. St. 168, 5 L. R. A. 209; *Carter v. Page*, 26 N. C. 424.

There is nothing in the record tending to show that the drain was a public one, or that the city was in any manner liable for its construction or continuance. The judgment is therefore affirmed.