[No. 8469.   Department Two.   December 9, 1909.]

THE STATE OF WASHINGTON, *on the Relation of F. G. McIntosh et al., Plaintiff*, v. THE SUPERIOR COURT FOR PACIFIC COUNTY *et al., Respondents.*[1]

EMINENT DOMAIN—PETITION—SUFFICIENCY—ALLEGING PUBLIC USE. A petition to condemn a right of way for a railroad alleging that, when constructed, it will be a common carrier of passengers, is not demurrable for failure to allege that the land will be devoted to a public use.

SAME—RAILROAD—PRIVATE PURPOSES. A railroad may condemn land in aid of its public purposes only, although it is also authorized to engage in private business.

SAME—CONDITIONS PRECEDENT—BRIDGE OVER NAVIGABLE STREAM. The consent of the War Department to bridge a navigable stream is not a condition precedent to the condemnation of a railroad right of way crossing the stream.

[1]Reported in 105 Pac. 637.

SAME—DEFENSES—LACHES. Laches in failing to build its line is no defense to a proceeding by a railroad company to condemn land, where it is about to utilize the property and is fully authorized.

SAME—DEFENSES—EXTENT OF USE. That a railroad line is but 6½ miles long is not a defense to a proceeding to condemn its right of way.

SAME—CONDITIONS PRECEDENT—SUBSCRIPTION TO STOCK. A subscription to the capital stock of a railroad company by trustees is sufficient to authorize it to exercise the right of eminent domain, especially where the stock is all paid in.

SAME—STOCK—RAILROAD—PUBLIC PURPOSE. The fact that the stock of a railroad company is held by individuals or a corporation having a special interest in the construction of the road does not affect the public character of the road.

CORPORATIONS—STOCK HELD BY OTHER CORPORATION. Laws 1905, p. 51, authorizing corporations to own and hold stock in other corporations is constitutional.

Certiorari to review an order of the superior court for Pacific county, Mitchell, J., entered November 2, 1909, declaring a public use and necessity in condemnation proceedings, after a hearing on the merits before the court without a jury. Affirmed.

*Flaskett & McMenamin,* for relators.
*Welsh & Welsh,* for respondents.

RUDKIN, C. J.—This is a proceeding to review an adjudication of public use and public necessity in a condemnation case.

The relator first contends that the petition for condemnation does not state facts sufficient to constitute a cause of action because it does not allege that the land sought to be taken will be devoted to a public use. True the petition does not contain these words, but it does allege that the company is organized to construct and operate a line of railroad from South Bend to Chehalis in this state, and will be, when the road is constructed, a common carrier of passengers and freight for hire. This clearly shows that the contemplated use is a public one.

It is next contended that while the company is authorized to construct and build railroads, it is also authorized to engage in private business. Conceding this to be true, the company may condemn and appropriate land in aid of its public purposes for public uses only. *State ex rel. Harlan v. Centralia-Chehalis Elec. R. & P. Co.*, 42 Wash. 632, 85 Pac. 344, 7 L. R. A. (N. S.) 198; *State ex rel. Harris v. Olympia L. & P. Co.*, 46 Wash. 511, 90 Pac. 656.

It is next contended that the proposed railroad must cross the Willapa river, a navigable stream, and that the consent of the secretary of war to the bridging of the stream has not been obtained. This fact does not defeat the right of condemnation. *State ex rel. Hulme v. Grays Harbor and Puget Sound R. Co.*, 54 Wash. 530, 103 Pac. 809.

It is further contended that the company has only built six and one-half miles of road since 1906, and has been guilty of laches. This defense we apprehend is not open to the relator. If the company is about to construct its road and utilize the property at the present time or in the near future the proceedings are fully authorized by law. Under this heading it is also claimed that a road for so short a distance is not a common carrier. The character of the use and not its extent or the length of the road determines the question of public use and public necessity. *State ex rel. Ami. Co. v. Superior Court*, 42 Wash. 675, 85 Pac. 669; *State ex rel. Milwaukee Terminal R. Co. v. Superior Court*, 54 Wash. 365, 103 Pac. 469, 104 Pac. 175.

Again, it is contended that a part of the capital stock of the petitioning company was subscribed by trustees, without disclosing their principals. Such a subscription was held valid by this court in *State ex rel. Biddle v. Superior Court*, 44 Wash. 108, 87 Pac. 40; and *State ex rel. Columbia Valley R. Co. v. Superior Court*, 45 Wash. 316, 88 Pac. 332. This must be true where the capital stock has been fully paid in, as in this case.

It is lastly contended that W. S. Cram, the president of the

railroad company and one of its trustees, is also a trustee and secretary of the Silver Mill Company, a corporation, authorized to manufacture and sell lumber, and that said mill company has its plant and place of business at Raymond on the line of the proposed road; that the Silver Mill Company, the Willapa Lumber Company, and the Columbia Box & Lumber Company, are all stockholders in the railroad company, engaged in the manufacture and sale of lumber, and that the act of February 23, 1905, Laws of 1905, p. 51, authorizing corporations to own and hold stock in other corporations is unconstitutional, against public policy, and void. The fact that private individuals or private corporations having a special interest in the construction of a railroad subscribe to its capital stock does not deprive the road of its public character. The road when constructed will be a public service corporation and must serve the public, regardless of the individuality of its stockholders or the business in which they may be engaged. *State ex rel. Wilson v. Superior Court*, 47 Wash. 397, 92 Pac. 269; *Ulmer v. Lime Rock R. Co.*, 98 Me. 579, 57 Atl. 1001; *Madera R. Co. v. Raymond Granite Co.*, 3 Cal. App. 668, 87 Pac. 27; *Kansas & T. Coal R. v. Northwestern Coal & Min. Co.*, 161 Mo. 288, 61 S. W. 684; *Postal Tel. Cable Co. v. Oregon S. L. R. Co.*, 23 Utah 474, 65 Pac. 735; *Hairston v. Danville & W. R. Co.*, 208 U. S. 598, 28 Sup. Ct. 331, 52 L. Ed. 634.

We fail to see wherein the act of 1905 is unconstitutional, and the only objection urged by counsel is the opportunity the act affords to stifle competition. This alone would not warrant us in declaring the act unconstitutional. If the opportunity offered is abused the remedy is with the legislature, or perhaps the courts will find a remedy should such cases arise.

We find no error in the record, and the judgment is therefore affirmed.

MOUNT, PARKER, CROW, and DUNBAR, JJ., concur.