[No. 8889.   Department Two.   August 15, 1910.]

THE STATE OF WASHINGTON, *on the Relation of Everett &*
*Cherry Valley Traction Company, Plaintiff,* v. THE
SUPERIOR COURT FOR KING COUNTY *et al.,*
*Respondents.*[1]

EMINENT DOMAIN—PROPERTY DEVOTED TO PUBLIC USE—APPEAL—REVIEW. One railroad company may condemn a portion of the right of way of another where there is a necessity therefor and the same can be taken without material detriment or injury to the other company; and if a public necessity exists and each road will have a right of way sufficient for all necessary public use, findings on conflicting evidence in favor of the condemnation will not be disturbed on appeal.

Certiorari to review an order of the superior court for King county, Kauffman, J., entered April 20, 1910, adjudging a public use and necessity for the condemnation of a railroad right of way. Affirmed.

*F. V. Brown* and *Frederic G. Dorety,* for relator.
*H. H. Field* and *Geo. W. Korte,* for respondents.

CROW, J.—The Chicago, Milwaukee and Puget Sound Railway Company, a corporation, instituted proceedings against Everett & Cherry Valley Traction Company, a corporation, in the superior court of King county, to condemn for a public use certain land which is a portion of the defendant's right of way. The trial court held that a public

[1]Reported in 110 Pac. 428.

necessity existed, and that the taking would not result in material injury to the defendant. The defendant thereupon applied to this court for a writ of certiorari, and the order adjudging the public use is now before us for review.

The respondent Chicago, Milwaukee and Puget Sound Railway Company, by proper procedure, located its proposed right of way between the right of way of the relator, Everett & Cherry Valley Traction Company, and the Snoqualmie river. It now seeks to condemn portions of relator's right of way at three points, the tracts being designated as conflicts one, two, and three. The relator's most serious objections are to conflict two. If respondent's right to condemn it is sustained, its right to one and three must also be sustained. At conflict two, respondent proposes to take two tracts, to one of which only, located in lot 4, Sec. 13, Tp. 26 N., R. 6 E., W. M., is any serious objection interposed. It here seeks to condemn from relator's right of way a strip of land adjoining the river, the same being all of lot 4 west of a line 50 feet from the center of relator's main track. This will leave the relator a right of way extending 50 feet west, and 120 feet east, of its center line. It acquired the land by purchase, and now contends that the portion so sought to be taken is devoted to a prior public use; that it is needed by relator for a passing track, an industrial track, a storage track, a loading platform, a storage yard, and stock yards, without which it cannot successfully prosecute its contemplated business as a public service corporation; that its taking by respondent will be a material detriment to the relator, and that it is not necessary for any public use to the respondent road.

This court has repeatedly held that one public service corporation may condemn and take a portion of the right of way or property of another when there is a necessity therefor, and when the land sought to be condemned may be taken without material detriment or injury to the claimant corporation. *Samish River Boom Co. v. Union Boom Co.,* 32

Wash. 586, 73 Pac. 670; *State ex rel. Skamania Boom Co.
v. Superior Court,* 47 Wash. 166, 91 Pac. 637; *State ex rel.
Kent Lumber Co. v. Superior Court,* 46 Wash. 516, 90 Pac.
663; *State ex rel. Milwaukee Term. R. Co. v. Superior Court,*
54 Wash. 365, 103 Pac. 469, 104 Pac. 175. In *State ex rel.
Columbia Valley R. Co. v. Superior Court,* 45 Wash. 316, 88
Pac. 332, we said:

"It is contended that the premises in question are not sub-
ject to condemnation by the Portland & Seattle Railway Com-
pany, because such premises were acquired by the Columbia
Valley Railroad Company for railway purposes. Conceding
that the Columbia Valley Railroad Company acquired the
premises in good faith for railroad purposes, and intends
within a reasonable time to devote the lands to such use by
constructing a railroad thereon, it has been held that one
railroad company may appropriate the lands of another in
this state where there is necessity therefor, and where the
lands sought can be taken without material detriment to the
established road. *State ex rel. Spokane Falls & N. R. Co. v.
Superior Court,* 40 Wash. 389, 82 Pac. 417; *Seattle etc. R.
Co. v. Bellingham Bay etc. R. Co.,* 29 Wash. 491, 69 Pac.
1107 [92 Am. St. 907]; *Seattle etc. R. Co. v. State,* 7 Wash.
150, 34 Pac. 551, 38 Am. St. 866, 22 L. R. A. 217."

The only question, then, for our consideration is whether
the evidence shows that both roads can adjust themselves to
the conditions that will result if the condemnation is per-
mitted, and that they will be able to perform their several
functions and duties as public service corporations. The
relator contends that the evidence of its witnesses, to the
effect that it will be impossible for it to then prosecute its
business without material detriment, is not disputed, contra-
dicted, or rebutted. This contention seems to be based upon
the assumption that testimony of one expert witness can only
be rebutted by that of another. Relator seems to lose sight
of the fact that the testimony of its expert witnesses was
materially weakened on cross-examination, and also of the
further fact that the respondent introduced its expert evi-
dence in its opening and when presenting its case. Our view

is that the evidence was conflicting. The trial court resolved all issues of fact in favor of respondent, and in so doing necessarily found that a public necessity existed, and that the taking of the portion of the right of way here sought to be condemned would not result in any material detriment to the relator. A repetition and discussion of the evidence would serve no useful purpose. We have carefully examined the entire record and conclude therefrom that the findings of the trial judge must be sustained, that a public necessity exists, that the relator and respondents can readily adjust themselves without material detriment to the conditions that will obtain after the condemnation, and that they will each have a right of way amply sufficient for all necessary public uses.

The judgment is affirmed.

RUDKIN, C. J., MOUNT, PARKER, and DUNBAR, JJ., concur.