[No. 10464.  Department Two.  July 9, 1912.]

THE STATE OF WASHINGTON, *on the Relation of Sophia Bremer, Plaintiff*, v. THE SUPERIOR COURT FOR KITSAP COUNTY *et al.*, *Respondents*.[1]

EMINENT DOMAIN—RAILROADS—POWER TO CONDEMN—PUBLIC SERVICE—EXTENT—GOOD FAITH.  A railway terminal company organized primarily to connect business enterprises of a city with terminals of a railroad company in another city, by means of tracks and car ferries operated by the company and reaching various cities, and to carry freight in car load lots between such points, is a railroad company entitled to condemn land, where it has shown its good faith by the expenditure of money for the acquisition of like terminals in another city.

Certiorari to review an order of the superior court for Kitsap county, Bell, J., entered April 16, 1912, adjudging a public use in condemnation proceedings.  Affirmed.

*Hughes, McMicken, Dovell & Ramsey*, for relator.

*F. M. Dudley*, for respondents.

MORRIS, J.—Upon application of relatrix, we granted a writ of certiorari to review orders of the lower court in proceedings in which the Milwaukee Terminal Railway Company, one of the respondents herein, was seeking to condemn lands of relatrix at Bremerton, for railway purposes.  A return has been made to the writ, and the matter is now before us for final adjudication.

The only ground of attack upon the right of the terminal company to condemn is that it is not a railway company in contemplation of law, and is, therefore, not entitled to exercise the right of eminent domain, and that the lands it seeks to appropriate are not to be used for railway purposes.  The terminal company has been duly organized, and no question is made as to its right to exercise the power of eminent domain for the purposes of its organization, except as above

[1]Reported in 124 Pac. 1135.

stated. It appears from the return that the company has located a line of tracks, some 1,100 feet in length, in the city of Bremerton, extending from deep water to points where it can serve various industries located at Bremerton, including the United States navy yard. At deep water, these tracks are intended to connect with car ferries operated by the company and reaching various cities on Puget Sound. The purpose of the railway tracks to be constructed upon the land sought to be appropriated is given as "affording access to and egress from business houses and industries conducted and carried on in said town of Bremerton, and to use said track for the switching, transfer, and delivery of empty cars and freight destined to and from said town of Bremerton, and as a means of transporting freight and passengers to and from said point and to and from the terminal grounds, docks, warehouses, and stations of this and other transportation companies in the county of Kitsap and elsewhere, in carrying on its said business as a common carrier." It will thus be seen that we have here presented the identical question submitted to this court in *State ex rel. Milwaukee Terminal R. Co. v. Superior Court*, 54 Wash. 365, 103 Pac. 469, 104 Pac. 175, in which this company sought to appropriate lands at Ballard for a like purpose, and the right was sustained. Upon the determinative facts, the two cases cannot be distinguished, and the rule there announced must control our decision here. For this reason, it would serve no good purpose to extend the discussion beyond what is there said. That conclusion was reached upon a full consideration of the arguments now presented by relatrix, and will stand as the rule of this court in cases of like character.

In addition to the authorities cited in the *Milwaukee Terminal Co.* case, the rule there announced finds support in *State ex rel. McIntosh v. Superior Court*, 56 Wash. 214, 105 Pac. 637; *Caretta R. Co. v. Virginia-Pocahontas Coal Co.*, 68 W. Va. 185, 57 S. E. 401; *Madera R. Co. v. Raymond Granite Co.*, 3 Cal. App. 668, 87 Pac. 27; *State ex rel. Ham-*

*mer v. Wiggins Ferry Co.*, 208 Mo. 622, 106 S. W. 1005; *Bridal Veil Lumbering Co. v. Johnson*, 30 Ore. 205, 46 Pac. 790, 60 Am. St. 818, 34 L. R. A. 368; 1 Lewis, Eminent Domain (3d ed.), § 263.

The orders complained of are in all things sustained, and the judgment of the lower court affirmed.

MOUNT, FULLERTON, ELLIS, and CROW, JJ., concur.