[No. 20219.   Department Two.   November 17, 1926.]

THE STATE OF WASHINGTON, *on the Relation of Arthur Pressler, Plaintiff,* v. SUPERIOR COURT FOR COWLITZ COUNTY, *Respondent.*[1]

[1] EMINENT DOMAIN (15)—PUBLIC USE—LOGGING RAILROAD. A toll logging road incorporated under Rem. Comp. Stat., § 8395, is a public service corporation entitled to exercise the right of eminent domain notwithstanding it is engaged principally in transporting lumber products, and that its stock is held by a lumber company.

[2] MUNICIPAL CORPORATIONS (360)—USE OF STREET OTHER THAN FOR HIGHWAY—POWER TO GRANT FRANCHISE. Rem. Comp. Stat., § 9127, expressly authorizes a city to grant a railroad a franchise to use a street, where it is not an exclusive franchise.

[3] EMINENT DOMAIN (29, 44)—PROPERTY SUBJECT—PERSONS ENTITLED TO QUESTION POWER—RESIDENT OWNERS. The proviso to Rem. Comp. Stat., § 8398, to the effect that a toll logging road's right to eminent domain shall not extend to any residence, does not prevent condemnation for the right to use a street abutting upon a residence, in the absence of any evidence that the proposed use would render the abutting property unfit for residence purposes.

Certiorari to review a judgment of the superior court for Cowlitz county, Kirby, J., entered September 14, 1926, adjudging a public use and necessity in proceedings to condemn a right of way for a railway over a city street.   Affirmed.

*A. G. Laffin,* for plaintiff.

*Fisk & McCarthy,* for respondent.

TOLMAN, C. J.—This is an original proceeding in this court to review the action of the trial court in granting an order of necessity in a suit to condemn real property.

[1] Reported in 250 Pac. 466.

The petitioner in the condemnation action, the Kelso Eastern Railroad, is a corporation organized under chapter 82 of the Laws of 1905, p. 161 [Rem. Comp. Stat., § 8395 *et seq.*], as a public service corporation and has the right of eminent domain. *State ex rel. Clark v. Superior Court*, 62 Wash. 612, 114 Pac. 444.

The evidence clearly establishes that the railroad company has a franchise from the city of Kelso to operate a railway over and upon Laurel street in that city, and that it is operating such road as a public service corporation, and, also, that such use of Laurel street is necessary to its operation.

The relator here seems to raise three questions:

[1]    That a majority of the stock of the railroad company is owned by the Hammond Lumber Company, a private corporation, or by its officers and stockholders in its interest; and that the principal business of the railroad is transporting the products of the lumber company and that therefore the railroad company is not a public service corporation and is not entitled to exercise the power of eminent domain.

But this court has held to the contrary upon facts strikingly similar to those shown here. *State ex rel. McIntosh v. Superior Court*, 56 Wash. 214, 105 Pac. 637; *State ex rel. United Tanners' Timber Co. v. Superior Court*, 60 Wash. 193, 110 Pac. 1017; *State ex rel. Clear Lake Logging & R. Co. v. Superior Court*, 83 Wash. 445, 145 Pac. 421, 148 Pac. 7.

[2]    That the city of Kelso has no power to grant a franchise to the railroad to operate upon a public street. The statute, however, seems to be clear as to such right. Rem. Comp. Stat., § 9127, subd. (j) [P. C. § 797]. The case of *State ex rel. Schade Brewing Co. v. Superior Court*, 62 Wash. 96, 113 Pac. 576, upon which relator relies, has reference to the granting of

the *exclusive* use of a street.   Here the public is not excluded, and the *Schade* case has no application.

[3]   The third question is more serious.   Section 4 of the act of 1905 (Laws of 1905, p. 162, ch. 82; Rem. Comp. Stat., 8398) reads in part as follows:

"Such companies shall be deemed *quasi* public companies and common carriers, and any such company shall have the right of eminent domain and shall have the right to appropriate and condemn lands and property for its use.   Such right of condemnation and of eminent domain shall be exercised in the same manner as is now, or may hereafter be, provided by law for the condemnation of property by ordinary railroad corporations exercising the right of eminent domain: *Provided,* That the right of eminent domain shall not be exercised by any such corporation with respect to any residence. . . ."

Relator's lot abutting on Laurel street has a house thereon which is occupied as a residence.

We realize that a statute granting the right of eminent domain is in derogation of the common law and must be strictly construed, but, so construing the proviso to this statute, we can not cause it to extend to the street upon which residence property may abut.   It is true that the abutting owner has a vested interest in the street and that, ordinarily, he owns the fee to the center of the street; but his rights in the street, so far as they differ from those of the general public, are the rights of access, light and air, and the like.   None of these are exclusive.   He has no right to reside in the street or use it for a purpose which will exclude the rightful use by others.   No authority is brought to our attention which sheds any light upon this question; but, upon reason alone, we are of the opinion that the provisions of the act of 1905, relating to residences, do not protect from condemnation the abutting house owner's interest in the street, where there is no attempt

to show that the proposed use of the street will render the abutting residence property unfit for residence purposes.    As to whether that would be a good defense, we do not decide.

Finding no error, the order of the trial court is affirmed.

MACKINTOSH, PARKER, MAIN, and ASKREN, JJ., concur.