[No. 26536. Department One. April 27, 1937.]

REPUBLIC INVESTMENT COMPANY, *Respondent,* v. NACHES HOTEL COMPANY *et al., Appellants.*[1]

[1] Reported in 67 P. (2d) 858.

*Cheney & Hutcheson, Walter J. Robinson, Jr.,* and *Allen & Wilkins,* for appellants.

*Rigg, Brown & Halverson,* for respondent.

BLAKE, J.—Prior to January 25, 1930, plaintiff was the owner of lots one to six, inclusive, in block ninety-one, of the town of North Yakima. The lots, fronting on Yakima avenue, are contiguous, lot one being at the corner of that street and Fourth street. The plaintiff deeded lots one to four, inclusive, to J. G. von Herberg, who in turn conveyed them to defendant Naches Hotel Company.

July 30, 1930, plaintiff leased lots five and six to Naches Hotel Company for a term of twenty-five years. There was then a two story building on the leased premises. It was expressly stipulated in the lease that the *major portion* of the demised premises should be used as an integral part of a hotel building which the lessee proposed to erect on lots one to four, inclusive. The rent reserved was payable semi-annually. Under the terms of the lease, the lessee was expressly given the right to demolish the old building, in whole or in part, and to erect in its place such other structure as should be an integral part of the hotel building. In such case, however, the lessee was obli-

gated to diligently prosecute construction of the building until it was completed.

Pursuant to its program, the hotel company commenced construction of a hotel building on lots one to four inclusive. The plans contemplated the erection, as an integral part of the building, of an ell, covering an area of 25.36 by 33.85 feet on the rear end of lot five. This necessitated the partial demolition, at least, of the building then situated on lots five and six. Owing to financial difficulties, the hotel company was unable to carry out the construction of the building beyond the erection of the concrete framework.

To liquidate various charges, the hotel company borrowed a substantial sum of money from the defendant Yakima Amusement Company. To secure this loan, a mortgage was executed to the latter, covering lots one to four, inclusive. This mortgage was subsequently foreclosed, and the property bid in by the mortgagee at sheriff's sale. The hotel company failed to redeem, and the amusement company received a deed from the sheriff, and has since been, at all times with which we are concerned, the owner of lots one to four, inclusive.

The hotel company failed to pay the semi-annual installment of rent falling due, under the terms of the lease, on January 15, 1935. Thereafter, plaintiff brought this action, praying for relief as follows: (1) To recover the installment of rent; (2) to recover damages for the destruction of the building, and to cancel the lease because of failure to complete construction of the hotel building; (3) for a mandatory injunction requiring the defendants to remove that portion of the concrete framework located on lot five. The cause was tried to the court, which entered judgment in favor of plaintiff against the hotel company for the rent due, for damages on account of the de-

struction of the old building, and for cancellation of the lease. Injunctive relief was granted against both defendants, requiring them to remove so much of the concrete framework of the hotel building as stands on lot five. The defendants have appealed.

■ That respondent was entitled to recover the past due rent, there can be no doubt. Whether it was entitled, in this action, to a cancellation of the lease and damages for the destruction of the old building, depends wholly upon the terms of the lease. Likewise, whether it is entitled to a mandatory injunction, of the character granted, must be determined by the terms of that instrument.

■ The last problem may be summarily disposed of. Everything that the hotel company did with respect to the demolition of the old building and the erection of a portion of the hotel building on the demised premises was, as we have seen, done pursuant to the specific provisions of the lease. A lessee, or even a licensee, acting within the rights granted by the lease or license, is not required to remove structures placed upon the demised premises. *Stevens v. Stevens,* 11 Met. (52 Mass.) 251, 45 Am. Dec. 203; *Hodgkins v. Farrington,* 150 Mass. 19, 22 N. E. 73, 15 Am. St. 168, 5 L. R. A. 209; *Carter v. Page,* 26 N. C. 424; *Freeman v. Headley,* 32 N. J. L. 225. See also: *Schade Brewing Co. v. Falls City Pickle Works,* 55 Wash. 202, 104 Pac. 175. Of course, the lessor would have a cause of action for damages occasioned by the demolition of the old building and the failure of the lessee to carry to completion the construction of the hotel building. When the right of action accrues, however, is wholly dependent upon the terms of the lease.

■ This lease contains the following provisions:

"If, at any time, default be made by the lessee in the payment of the rent herein reserved, upon the day

and date when the same becomes due and payable, and the same shall continue for a period of sixty days; or if lessee fails to pay at the time herein specified any of the taxes, assessments, general or special, or insurance premiums, water rates or other charges, or amount herein provided to be paid by the lessee; or if the lessee fails to keep any buildings or improvements upon the demised premises insured as herein provided, or fails in any of the covenants, conditions or agreements, whether expressed in this article or not, on its part to be kept and performed, then in any of such events it shall be and may be lawful for the lessor at its election, at or after the expiration of sixty days previous notice in writing to the lessee of such default at the end of said sixty days, to declare this lease terminated and ended . . .

"In case the lessor shall have terminated this lease for default as herein provided, the lessee shall have the right at any time within four months from the expiration of said sixty days from the service of said notice of default to be restored to its leasehold estate and to the possession of the demised premises, upon making all payments, together with interest thereon at the rate of six per cent (6%) per annum and making good all defaults up to the time of such redemption . . . Any mortgagee or trustee of the lessee's leasehold interest may exercise the right hereby given to the lessee to make good the default of the lessee upon the same terms as those to which the lessee is entitled, and thereupon the lessee shall be restored to its leasehold estate and to possession of the demised premises."

Admittedly, no notice such as was required by the lease was given by the lessor. Under the great weight of authority, in the absence of waiver by the lessee, such notice is a necessary prerequisite to the maintenance of an action, either to cancel the lease or for damages for breach of covenant. *McNeece v. Wood,* 204 Cal. 280, 267 Pac. 877; *Baldwin v. Jacobs,* 182 Iowa

789, 166 N. W. 271; *Lindeke v. Associated Realty Co.*, 146 Fed. 630; *Income Properties Inv. Corp. v. Trefethen,* 155 Wash. 493, 284 Pac. 782; *Clen v. Jorgensen,* 265 Fed. 120; *Tri-Bullion Smelting & Dev. Co. v. Ozark Smelting & Mining Co.,* 24 N. M. 651, 176 Pac. 817. In the case last cited, the court stated the rule as follows:

"Where a lease provides for its termination upon failure of the lessee to comply with any of the terms and conditions of the lease, after 30 days' notice of default and demand for compliance a complaint filed in a suit for possession of the premises setting up defaults in the terms and conditions of the lease will not take the place of a notice provided for by the terms of the lease, under which the lessee is to have 30 days' time within which to comply."

Other of our own decisions consonant with the rule as stated are the following: *Ingram v. Golden Tunnel Mining Co.,* 25 Wash. 318, 65 Pac. 549; *Byrkett v. Gardner,* 35 Wash. 668, 77 Pac. 1048; *Keene v. Zindorf,* 81 Wash. 152, 142 Pac. 484.

Respondent seeks to escape the consequences of the rule under the doctrine of *ejusdem generis,* arguing that no notice of forfeiture was required, since the clause relating thereto sets out specific grounds upon which forfeiture may be claimed, followed by the general clause: "or fails in any of the covenants, conditions or agreements, whether expressed in this article or not." The argument seems to be that the scope of this general clause will not, under the rule of *ejusdem generis,* be construed to include anything beyond what is included in the descriptive words preceding; that, since the forfeiture was not declared on any of the specified grounds, no notice of forfeiture was required. We are somewhat at a loss to understand why, if that contention is sound, it would not be equally applicable to respondent's right of forfei-

ture. But, passing that, it is to be remembered that the rule of *ejusdem generis* is merely a rule of construction, and where it clearly appears in a contract or statute that general words were intended to include something more than specific descriptive words preceding, the rule will not be invoked. *State ex rel. Bloedel-Donovan Lumber Mills v. Savidge*, 144 Wash. 302, 258 Pac. 1. Taking this lease by its four corners, we think it is clear that the parties intended that the lessee was entitled to notice for any reason upon which the lessor was entitled to claim a forfeiture. See: *Lindeke v. Associates Realty Co., supra.*

Respondent also contends that it was relieved of giving the notice provided for in the lease, because it was not required to do a useless thing—this on the theory that it was not possible for the lessee to fulfill its covenant relative to completing construction of the hotel building. In support of this contention, a number of cases are cited to the effect that where the lessee has so breached a covenant as to make reinstatement impossible, failure of the lessor to give notice of forfeiture as required by the lease will not defeat the action. We are inclined to the view, however, that these cases are not in harmony with the decisions of this court relative to forfeiture of this character. *Walker v. McMurchie*, 61 Wash. 489, 112 Pac. 500; *Harlan v. McGraw*, 107 Wash. 286, 181 Pac. 882. But, in any event, we do not think the evidence in this case warrants the assumption that it was a physical impossibility for the lessee to have substantially complied with its covenant to complete the building within six months from the date of notice of forfeiture.

Having failed to give the notice required under the terms of the lease, this action cannot be maintained for cancellation of the lease or for damages for breach of covenant to erect the building.

The cause is remanded, with directions to modify the decree accordingly.

STEINERT, C. J., MAIN, GERAGHTY, and ROBINSON, JJ., concur.