[No. 30904.  Department One.  March 28, 1949.]

THE STATE OF WASHINGTON, *on the Relation of King County, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *James W. Hodson, Judge, Respondent.*[1]

[1] Reported in 204 P. (2d) 514.

Charles O. Carroll and L. C. Brodbeck, for relator.

Maxwell, Seering, Jones & Merritt, for respondent.

STEINERT, J.—Relator, King county, made application to this court for a writ of certiorari to review certain proceedings had before the superior court for that county in a certain condemnation action. The chief justice issued an order directing the Honorable James W. Hodson, the judge before whom the condemnation proceedings were had, to certify and return to this court a complete transcript of such proceedings or, in the alternative, to show cause why such certification and return should not be made. In response to the order, Judge Hodson certified and returned to this court a complete transcript of the proceedings in the condemnation suit and, at the same time, filed a motion to quash the alternative writ, also a demurrer to relator's application for writ of certiorari, and, in addition, a full answer to the application. The cause was set down for hearing in this court, briefs were filed, and oral argument was had, whereupon the matter was submitted for decision on all questions involved.

The facts in the case are not in dispute. On or about December 6, 1948, the board of county commissioners of King county adopted a resolution purporting to authorize and direct the condemnation and appropriation for public use of a certain portion of a street or road on Mercer Island, bordering on or adjacent to the shorelands of Lake Washington. The resolution contemplated that the described portion of the street or road be appropriated for public use as a recreational and park area, subject, however, to its dedi-

cated, existing use as part of a county road or public highway.

Pursuant to the adoption of the resolution, the relator, King county, on December 14, 1948, filed in the superior court a petition seeking adjudication of such public use and the determination by a jury of the amount of damages and compensation to be awarded to the landowners, named as respondents, affected by such proceedings. The interested landowners appeared and filed demurrers to the petition. A hearing was had before the court, at the conclusion of which the court sustained the demurrers, on the grounds that the court had no jurisdiction of the subject matter of the action and that the relator had no legal capacity to sue. An order to that effect was entered by the court on January 12, 1949.

On January 17, 1949, relator served and, without leave of court, filed an amended petition, which was to all intents and purposes, and in legal effect, the same as the original petition. Except for slight changes of phraseology in two or three places, the amended petition was a verbatim copy of the original petition.

On January 19, 1949, the respondent landowners, through their attorneys, served upon relator a notice of their intended presentment of judgment to the court for signature. The matter thus came on duly for hearing before the superior court on January 25th. As appears by the return made by the respondent judge herein, the attorney for the relator at that hearing advised the court that he had filed an amended petition in the cause. However, it was also then shown to the satisfaction of the trial court that the amended petition had been filed without judicial leave and that such amended pleading was to all intents and purposes identical with the original petition. The court thereupon signed the judgment as presented, thereby dismissing the condemnation action with prejudice. The relator thereupon instituted the present proceeding for writ of certiorari.

Relator contends that the superior court erred (1) in entering judgment dismissing the action, after an amended

petition had been filed and while disposition thereof or action thereon was still pending, and (2) in holding that the county had no authority to condemn land for the purposes stated in the petition and, further, that the court had no jurisdiction of the subject matter, for the reason, as stated by the trial court, that the action of the county commissioners was in excess of their authority. We shall consider these two contentions in the order above stated.

Rule 3 (2) of the General Rules of Superior Courts (18 Wn. (2d) 52-a) provides:

"When a demurrer or motion has been determined, the party to whom the decision is adverse shall have *three* days in which to plead, unless a different time is fixed by special rule or order." (Italics ours.)

The amended petition in this case was served and filed *five* days after demurrer to the original petition was sustained. No order allowing additional time in which to file such pleading was ever applied for or granted.

Rule 6 (2), Rules of Practice (18 Wn. (2d) 34-a) provides:

"The court, upon motion, at any stage of an action, may order or give leave to either party to alter or amend any pleading, process, affidavit, or other document in the cause, to the end that the real matter in dispute, and all matters in the action in dispute, between the parties may be completely determined as far as possible in a single proceeding. *But the order or leave shall be refused if it appears to the court* (a) that the motion was made with intent to delay the action, or (b) *that* the motion was occasioned by lack of diligence on the part of the moving party and *the granting of the motion would unduly delay the action* or embarrass any other party, or (c) *that, for any other reason, the granting of the motion would be unjust."* (Italics ours.)

Applying Rule 3 (2), quoted above, to the particular situation presented here, we think the trial court was justified in disregarding the amended petition upon the ground and for the reason that the pleading had not been served or filed within the required time and no order extending the time for such filing had been applied for or granted. In this connection, we may say that, in our opinion, the trial court

would in all probability have granted further time for filing the amended petition, or would even have given recognition to the pleading as already filed, had it appeared that such pleading was indeed an amendment of the original petition, rather than virtually a verbatim copy thereof.

Applying Rule 6 (2), quoted above, to the same situation, we are of the further opinion that the trial court was justified in declining to consider the amended petition, for the reason that it was simply a repetition of the original petition, to which the demurrers of the several respondents had already been sustained, and that to give such amended pleading further consideration, under the circumstances, would have resulted in an unwarranted, unnecessary, and unjust delay in the proper prosecution and progress of the action.

Relator's second contention, stated above, presents the question whether the county is authorized to acquire lands by condemnation for public use and enjoyment as a park or recreational area. This question constitutes the crux of this case, whether considered from the viewpoint of the original petition or from that of the amended petition referred to above. Relator contends that such power exists by virtue of chapter 34, p. 81, Laws of 1937 (Rem. Rev. Stat. (Sup.), §§ 3991-1 to 3991-4 [P.P.C. § 482-1, -7] inclusive), to which we shall refer more specifically a little later herein.

It is elementary that counties have only such powers as are conferred upon them by legislative enactment. *State ex rel. Wauconda Inv. Co. v. Superior Court,* 68 Wash. 660, 124 Pac. 127, Ann. Cas. 1913E, 1076; *State v. Vantage Bridge Co.,* 134 Wash. 568, 236 Pac. 280; *Carpenter v. Okanogan County,* 163 Wash. 18, 299 Pac. 400.

The powers of a county can be exercised only by its county commissioners, or by agents or officers acting under their authority or under authority of law. Rem. Rev. Stat., § 3984 [P.P.C. § 471-5]; *State ex rel. Taylor v. Superior Court,* 2 Wn. (2d) 575, 98 P. (2d) 985; *Hailey v. King County,* 21 Wn. (2d) 53, 149 P. (2d) 823, 154 A. L. R. 351.

Boards of county commissioners have only such powers as have been granted to them, expressly or by necessary implication, by the constitution and statutes of the state. *Sasse v. King County,* 196 Wash. 242, 82 P. (2d) 536; *State ex rel. Taylor v. Superior Court, supra.*

The general powers and duties of boards of county commissioners are set forth in Rem. Supp. 1947, § 4056. In addition to a series of enumerated powers, none of which has any application to this case, that statute contains also a provision authorizing boards of county commissioners

" . . . to lay out, discontinue or alter *county roads and highways* within their respective counties, and do all other necessary acts relating *thereto* according to law, . . ." (Italics ours.)

There is nothing in that entire section of the statute, including the part just quoted, which either expressly or by necessary implication confers upon the board of county commissioners the power or authority to acquire lands for public use as a park or recreational site, by condemnation or otherwise.

Relator's contention, however, is that such power is granted by chapter 34, Laws of 1937 (Rem. Rev. Stat. (Sup.), §§ 3991-1 to 3991-4, inclusive) mentioned above. Section 1 of that act (Rem. Rev. Stat. (Sup.), § 3991-1), which is the material section here involved, provides:

"That the counties of this state be and they are hereby empowered and authorized to acquire *by purchase or by gift, dedication or donation* camping sites, *parks,* scenic-view sites and *recreational sites* for public use and enjoyment." (Italics ours.)

It will be noted that while, by this statute, counties are authorized to *acquire* parks and recreational sites, nevertheless, the method by which they may be acquired is limited to *purchases, gifts, dedications or donations.* No authority is granted to acquire property or parks or the various kinds of sites by *condemnation.*

A grant of eminent domain, or power to condemn for public use, must be expressly given or necessarily im-

plied; and statutes conferring such power, being in derogation of the common right, must be strictly construed. *State ex rel. Wauconda Inv. Co. v. Superior Court, supra; State ex rel. Mason County Power Co. v. Superior Court,* 102 Wash. 291, 173 Pac. 19; *State ex rel. Cation v. Superior Court,* 110 Wash. 506, 188 Pac. 546; *State ex rel. Pressler v. Superior Court,* 141 Wash. 71, 250 Pac. 466; *State ex rel. Bremerton Bridge Co. v. Superior Court,* 194 Wash. 7, 19, 76 P. (2d) 990; Lewis, Eminent Domain (3d ed.), § 371; Randolph, Law of Eminent Domain, §§ 109 to 114, inclusive.

In the *Wauconda Inv. Co.* case, *supra,* this court, in laying down the rule as above expressed, based its statement thereof upon the following quotation taken from Lewis, Eminent Domain (3d ed.), § 371:

"The authority to condemn must be expressly given or necessarily implied. The exercise of the power being against common right, it cannot be implied or inferred from vague or doubtful language, but must be given in express terms or by necessary implication. When the right to exercise the power can only be made out by argument and inference, it does not exist. 'There must be no effort to prove the existence of such high corporate right, else it is in doubt; and, if so, the state has not granted it.' If the act is silent on the subject, and the powers given by it can be exercised without resort to condemnation, it is presumed that the legislature intended that the necessary property should be acquired by contract."

■ The act upon which the relator here relies concededly does not expressly confer the power of eminent domain for the purpose of acquiring parks and recreational sites. In fact, that act is utterly silent upon the subject of condemnation of property for any purpose whatever. Moreover, the power of acquisition of property granted by the act can be fully exercised without resort to condemnation. The legislature, being fully cognizant of its power to authorize counties to condemn property for public purposes, chose in this instance to grant to counties the power to acquire parks and recreation sites only by purchase, gift, dedication, or donation, but not by condemnation. In such a situation, a grant of power of eminent domain is not to be implied.

The relator has cited a series of thirteen cases in support of its contention that, when a statute expressly confers the power to *acquire* land for public use, the power to *condemn* is included or implied. Ten of the cases cited by relator rest upon a Federal statute which specifically authorized condemnation. Two cases involved the right of the Federal government to acquire land under its sovereign right of eminent domain. The remaining case involved a statute that bears no analogy to the one under consideration here. None of the cases cited by relator affects or weakens the rule stated above, that the authority to condemn must be expressly given or necessarily implied, and statutes conferring such power must be strictly construed. The wording of the statute here in question, rather than implying the right to condemn, has the effect of specifically excluding such power.

The judgment of the trial court is affirmed.

JEFFERS, C. J., BEALS, MALLERY, and HILL, JJ., concur.