[No. 31281.   Department Two.   May 18, 1950.]

MAY E. GRAY, *Appellant*, v. S. J. GREGORY *et al.,*
*Respondents.*[1]

*Futter, Merrick & Merrick,* for appellant.
*Horrigan & Leavy,* for respondents.

MALLERY, J.—A demurrer to the complaint was sustained.
The action was dismissed.  Plaintiff appeals.   The appellant
is the owner of a certain business property in the city of
Pasco.  She sought, in her action, to forfeit a long-term lease
thereon.

On May 8, 1947, she served a notice upon respondents ter-
minating the lease and requiring a vacation of the premises
not later than June 1, 1947.  This notice purported to be pur-
suant to clause V of the lease, which reads as follows:

"V.  (a)  The lessee shall have the right at any time dur-
ing said term to remodel, reconstruct, improve, alter, and
add to the building located upon said premises and to adapt
the same to any lawful business or commercial use.

"(b)  Such work of remodeling and reconstruction shall
be carried on by lessee at his own cost and expense and with-
out any liability or cost to lessor, and prior to lessee com-
mencing any such construction or remodeling, lessee shall
deliver to lessor, a notice in writing, together with a deposit
as hereinafter set forth, which notice shall describe the
work contemplated to be done by lessee and the cost thereof.

[1]Reported in 218 P. (2d) 307.

And lessee shall, prior to the commencement of such construction or remodeling, deposit with lessor:

"(1) Waivers of lien from all contractors and material men furnishing work or services in connection with such project as set forth in said notice.

"(2) or in lieu thereof, lessee may deposit with lessor, a surety bond with corporate surety, guaranteeing the payment by lessee of all of the expenses and costs set forth in the notice above described.

"(3) or in lieu thereof, lessee may deposit in escrow with such bank or trust company as shall be qualified to do business at either Pasco, Washington, or Walla Walla, Washington, a sum of money equal to the amount of costs and expense described in said notice, to be held for payment of such costs and expenses.

"(c) Such work of reconstruction and remodeling, if any, shall be carried out by lessee in proper, fit and workmanlike manner and shall comply with all existent statutes and ordinances."

The giving of the notice of termination of the lease and the demand to vacate was predicated on the allegation that on or about the 18th of April, 1947, respondents removed a main partition of the building without complying with clause V of the lease in any respect.

No notice of default, as such, was given, nor time allowed in which to cure the alleged breach of the lease. The lease provided:

"X. It is mutually understood and agreed that if either party hereto shall be in default hereunder (except as to default by lessee in the payment of rent) *and if such default shall not be cured within sixty (60) days after written notice thereof,* the party not in default shall have the right, in addition to all other rights, granted hereunder, to terminate this lease; and provided further that all rights of either party hereto shall be cumulative and that the exercise of any one right shall not preclude the exercise of any other right and provided further that in the event of default by lessee in the payment of rent, but not otherwise such default shall be cured within thirty (30) days." (Italics ours.)

The appellant contends that no notice of default was necessary upon the ground that the breach was incurable

and irremediable. She contends that to have given a notice of default would have jeopardized her right to forfeit the lease if the respondents met the requirements of the lease within sixty days thereafter. Her position, as stated in her brief, is:

"*She could not demand performance and then refuse to accept waiver, bond or cash if tendered.* So she decided that the right course was to be logical and consistent, rather than to do a vain, absurd and useless act, and that the correct thing to do was to maintain from the start that the lease was irremediably breached. This the appellant did. [Italics ours.]

"The crux of our argument on the facts alleged is that it is manifestly impossible for a lessee to comply with a stipulation in the lease that he do one act *prior* to another act after he has commenced the second one."

The acts to which this time-sequence argument applies are (1) the supplying, in the alternative, of a waiver, bond, or cash according to the terms of clause V of the lease, and (2) the removal of the partition in the building.

It is obvious that these acts are of such a nature that they, aside from the requirements of the lease, are capable of execution independently and in either sequence or simultaneously. Indeed, appellant does not contend otherwise. The appellant would be afforded all the security therein provided for her benefit if the requirements of clause V were met *after* notice of default.

We concede that clause V of the lease, standing alone, does prescribe the sequence of the events contemplated therein, and that a reversal of the sequence constitutes a breach of its requirements.

Clause X of the lease, heretofore set out herein, prescribes the rights and necessary procedure of the parties when an occasion of default arises. It is elementary that the parts of a contract must be construed together and effect given to each part. The procedural requirements of clause X of giving a notice of default, was deliberately not followed by the appellant, because to have done so would have permitted a cure of the default, and thus her stated purpose of forfeiting the lease would have been defeated.

The respondents, however, have a contractual right to invoke the provisions of clause X for their benefit and protection. We are therefore constrained to hold that appellant did not, and could not, allege a cause of action for forfeiture of the lease without alleging a compliance with the requirements of clause X. Since it is not, and cannot be, contended that a summary notice of termination of the lease satisfies the requirement of giving a notice of default, the complaint did not state a cause of action. *Republic Inv. Co. v. Naches Hotel Co.*, 190 Wash. 176, 67 P. (2d) 858.

A second cause of action in the complaint, being subject to the same ruling for the same reason, which prays for damages for failure to yield possession, must, of course, share the same fate as the first.

The judgment is affirmed.

SIMPSON, C. J., ROBINSON, HILL, and HAMLEY, JJ., concur.