Honorable Ronald Zirkle Yakima County Prosecuting Attorney 128 North Second Street, Room 211 Yakima, Washington 98901
Dear Prosecutor Zirkle:
By letter previously acknowledged, you have requested our opinion on a series of questions based on the following factual background provided in your inquiry:
 FACTUAL BACKGROUND
In 1978, Yakima County obtained a grant of $374,000 from the state under RCW 43.83D (Referendum 29) to construct facilities to serve individuals with developmental disabilities. The state grant funds were used, along with other funds, to construct three buildings on 2.5 acres of county-owned land-one for job training, one as a sheltered workshop, and one for program administration. The property was leased to a non-profit entity from August 1978 through December 2004 to conduct the services in question. The lease required the tenant to maintain the property in good condition and to surrender it and all improvements to the county at the end of the term. In 1982, the county obtained another grant from the state under RCW 43.99C (Referendum 37), which was used to construct a fourth building on the same property. This building was used by the same tenant for the same program under the same lease terms.
With the lease scheduled to expire, the tenant plans to close the sheltered workshop and to establish a new training facility at another site. To further this plan, the tenant has asked the county to donate the land and buildings to the tenant at the end of the lease term so that it can sell the property to help in financing the planned new facility.
Based on the foregoing facts, you have posed the following questions (reordered and paraphrased for clarity):
1. Does the county have statutory authority to make the requested donation?
2. Would the proposed donation be consistent with statutes under which the county received the grants to build the facilities in question?
3. Would the proposed donation be a violation of the surplus property procedures of RCW 36.34?
4. If the county has statutory authority to make the donation, would such a donation violate article 8, section 7, of the Washington Constitution?
5. If the proposed donation is lawful, are there procedural requirements or limitations?
 BRIEF ANSWERS
As a non-charter county, Yakima County lacks statutory authority to donate county land and buildings to a non-profit corporation. Accordingly, the answer to Question 1 is "no". In light of the lack of such authority, it is not necessary to consider Questions 2 through 5 and, accordingly, we do not do so.
 ANALYSIS
1. Does the county have statutory authority to make the requested donation?
Except for counties which have adopted charters under article XI, section4 of the Washington Constitution ("charter counties") and therefore have "home rule" powers[1], counties have only such powers as are conferred on them by legislative enactment or necessarily implied from granted powers. State ex rel. King Cy. v. Superior Ct., 33 Wn.2d 76, 204 P.2d 514
(1949) (counties lack authority to condemn property for purposes other than those enumerated in statute); Pac. First Fed. Sav. Loan Ass'n v. Pierce Cy., 27 Wn.2d 347, 178 P.2d 351 (1947) (counties have only such taxation powers as are specifically granted by state law). Yakima is not a charter county.
We have discussed this principle on a number of occasions in Attorney General Opinions. For example, in AGO 1991 No. 17, we expressed the opinion that charter counties and other municipalities with home rule powers had authority to self-fund their employee health and welfare benefits, but non-charter counties and other municipalities without home rule powers lacked this type of authority. See also AGO 1991 No. 2; AGO 1973 No. 18.[2]
To determine whether the county possesses statutory authority to donate these facilities to a private entity, we first examined the statutes under which Yakima County received the grant funds that were used to acquire the facilities. Neither Referendum 29 (RCW 43.83D) nor Referendum 37 (RCW 43.99C) contains language directing or authorizing such donations.
As noted in your opinion request, the property in question was derived from the proceeds of bonds issued under two different statutes. The earlier of the two, codified as RCW 43.83D, authorized bonds to be sold with the proceeds to be "used exclusively for the purpose specified in this chapter". RCW 43.83D.030. The purposes in question can be derived from the definition of "social and health service facilities" to include "a system of social and health service facilities for the state including, without limitation, facilities for social services, adult and juvenile correction or detention, child welfare, day care, drug abuse and alcoholism treatment, mental health, public health, developmental disabilities, and vocational rehabilitation." RCW 43.83D.050. See also RCW 43.83D.010, declaring that the "establishment of a system of regional and community health and social service facilities will provide the improved and convenient health and social services needed for an efficient work force and a healthy and secure people." RCW 43.83D.040
authorized the department of social and health services to expend the bond proceeds directly for the statutorily designated purposes "and by grants or loans to public bodies." (emphasis added)
The second series of statutes, codified as RCW 43.99C, is somewhat more specific. It authorizes the sale of bonds for "the purpose of financing the planning, acquisition, construction, renovation, improvement, and equipping of regional and community facilities for the care, training, and rehabilitation of persons with sensory, physical, or mental handicaps". RCW 43.99C.015. The proceeds of the bonds are to be administered by the Department of Social and Health Services "exclusively for the purposes specified in this chapter". RCW 43.99C.045. The same statute authorizes "fixed assets acquired under this chapter, and no longer utilized by the program having custody of the assets" to be "transferred to other public bodies either in the same county or in another county" with a priority for programs carrying out the purposes described in RCW 43.99. Id.
Each of the two bond statutes specifies that bond proceeds may be used only for the purposes specifically described. RCW 43.83D contains no language authorizing a transfer of assets, and RCW 43.99C authorizes transfers only to other public bodies, and with a priority for programs authorized in that chapter. Neither statute contemplates that assets acquired with the bond proceeds may be donated or transferred to a private organization.
Next, we searched statutes governing the authority of counties generally. We found no statute authorizing a county to donate its property to a private party; nor does your inquiry to us suggest that any such statute exists.[3]
Because we have concluded that the county lacks statutory authority to make the donation, we need not, and do not, reach the other questions that you have posed.
We trust the foregoing will be of assistance.
Sincerely,
JAMES K. PHARRIS Senior Assistant Attorney General
:pmd
[1] As Yakima County is not a charter county, we do not directly reach the question whether a charter county has "home rule" authority to donate county property used historically for Referendum 29 or Referendum 37 purposes.
[2] In the 1973 opinion, we rejected the notion that such a donation might be permissible because the state constitution (article VIII, section 7) generally prohibits gifts of public property but makes an exception for the "necessary support of the poor and infirm". The opinion notes, first, that a nonprofit senior citizens center would not necessarily devote donations received to the support of the poor or infirm. Furthermore, the opinion cites case law questioning the making of donations of public property to private organizations, even when the ultimate purpose might be to benefit persons eligible for public assistance. AGO 1973 No. 18, discussion at 3, citing Johns v. Wadsworth, 80 Wash. 352, 141 Pac. 892 (1914).
[3] Your inquiry notes that counties are authorized to dispose of property no longer needed for county purposes. Your inquiry does not specify whether the county has further need for the land and buildings in question. Moreover, as explained below, the disposition about which you inquire would not be consistent with statutory requirements governing the disposition of surplus property. RCW 36.34.020 provides as follows:
Whenever the county legislative authority desires to dispose of any county property except:
(1) When selling to a governmental agency;
(2) When personal property to be disposed of is to be traded in upon the purchase of a like article;
(3) When the value of the property to be sold is less than two thousand five hundred dollars;
(4) When the county legislative authority by a resolution setting forth the facts has declared an emergency to exist;
it shall publish notice of its intention so to do once each week during two successive weeks in a legal newspaper of general circulation in the county.
RCW 36.34.030 requires public notices to describe the property to be sold, RCW 36.34.040 requires a public hearing, and RCW 36.34.050 requires legislative findings and authorizes the setting of a minimum price. Furthermore, after holding the public hearing and making the appropriate findings, the county must dispose of the property by public auction or sealed bid. RCW 36.34.080.
It does not appear that any of the exceptions set forth in RCW 36.34.020
applies to the property that is the subject of your questions, nor did our research discover any statutes codified elsewhere which would provide a basis for dispensing with the procedural requirements set forth in RCW36.34.