[No. 40127. Department Two. October 14, 1968.]

THE STATE OF WASHINGTON et al., *Respondents,* v. KING COUNTY et al., *Petitioners.**

*Reported in 446 P.2d 193.

674

 

*Hullin, Ehrlichman, Roberts & Hodge,* for petitioners.

*The Attorney General* and *Thomas J. Greenan, Special Assistant,* for respondents.

HAMILTON, J.—This case comes here pursuant to a writ of certiorari issued by this court to review an order of public use and necessity entered by the King County Superior Court in a condemnation proceeding. The purpose of the eminent domain proceeding is to acquire land located in what is known as the Ridgewood district of Seattle for the proposed South Campus of the Seattle Community College. The questions before this court concern interpretation of the Community College Act of 1967, Laws of 1967, Ex. Ses., ch. 8.

In enacting the Community College Act of 1967, now codified as RCW 28.85, the legislature substantially altered former community college regulations. Among other changes, the 1967 act vested general supervisory control in the Washington State Board for Community College Education (the "state board"), and vested ministerial control in the boards of trustees of 22 new community college districts established throughout the state. The Seattle Community College falls within the jurisdiction of the board of trustees of Community College District No. 6 (the "local board").

This action was initially commenced on August 31, 1966, in the name of Seattle School District No. 1. After the 1967 legislative changes in community college regulations, the State of Washington, Washington State Board for Community College Education, and the Board of Trustees of Community College District No. 6 were substituted as parties for Seattle School District No. 1. On January 8, 1968, the

trial court entered an order of public use and necessity as to the land sought by the state board. It is from this order that petitioners in this court seek review.

In their brief, petitioners make three assignments of error. Their first assignment of error questions whether the state board validly exercised its power of eminent domain.

On November 2, 1967, the state board issued resolution No. 11-67, which is as follows:

> A majority of the quorum of the College Board herewith authorizes Community College District No. 6 to acquire the following described property, solely with local funds which are available for said acquisition:
>
> Area bounded on the South by S.W. Morgan; on the East by 12th Avenue S.W.; on the North by S.W. Brandon; and on the West by center of blocks between 15th Avenue S.W. and 16th Avenue S.W.
>
> The State Board for Community College Education also authorizes Community College District No. 6 to acquire said property either by purchase or by condemnation, provided that all condemnation actions to acquire said property shall be brought in the name of the State Board for Community College Education.

Petitioners contend that the actual effect of this resolution is to make the local board the condemnor, despite the fact that the action is being brought in the state board's name. It is their position that the Community College Act of 1967 provides only the state board with the power of eminent domain[1] and that the resolution is an unlawful attempt on the part of the state board to delegate this power to the local board.

■ The power of eminent domain is an attribute of sovereignty; it is an inherent power of the state. *Miller v. Tacoma*, 61 Wn.2d 374, 378 P.2d 464 (1963). Legislative delegations of eminent domain power may be conditioned and restricted as desired, subject only to constitutional limitations. *King Cy. v. Theilman*, 59 Wn.2d 586, 369 P.2d 503 (1962). A purported delegation of eminent domain power

---

[1]The legislature granted the state board the power of eminent domain in RCW 28.85.090. No other mention of the power appears in the act.

will be strictly construed. *Tacoma v. Welcker*, 65 Wn.2d 677, 399 P.2d 330 (1965). No such delegation will be found unless it exists by clear legislative expression or necessary implication. *Des Moines v. Hemenway*, 73 Wn.2d 130, 437 P.2d 171 (1968); *King Cy. v. Seattle*, 68 Wn.2d 688, 414 P.2d 1016 (1966). For these reasons, redelegations of eminent domain powers are generally held to be invalid, and if petitioners are correct in their contention that the local board is the real condemnor, pursuant to an attempted delegation of power by the state board, it would follow that the order of public use and necessity was improperly issued.

■ It is our judgment, however, that the state board's resolution No. 11-67 does not constitute an attempted delegation of eminent domain power. Rather, the state board simply authorized the local board to carry out the mechanical and procedural functions necessary for the state board to obtain title to the desired land.[2] Nothing in resolution No. 11-67 suggests that the power of eminent domain itself was to have been delegated.

Statutory authority exists for the state board to delegate the ministerial functions of obtaining the desired land to the local board. RCW 28.85.090(8) empowers the state board to establish procedures for capital construction, and the last sentence of the section gives the state board eminent domain power. RCW 28.85.340 gives the state board the power to permit local boards to acquire sites for capital construction,[3] and RCW 28.85.140(4) permits local boards to

---

[2]Under RCW 28.85.300, title to all property acquired after the effective date of the 1967 act, whether real or personal, vests in the state board regardless of whether it is the state or local board which is the actual purchaser.

[3]Petitioners argue that RCW 28.85.340 applies only in situations in which state funds rather than, as here, local funds are to be used for site acquisitions. However, while subsection 2 of this statute does contemplate state fund financing, its terms are permissive, not mandatory.

It should be noted that, regardless of whether state or local funds are used, title to acquired sites vests in the state board. *See* footnote 2.

establish new facilities for colleges if done under the approval and direction of the state board.

Equally important, the actions of the state board in the principal case are consistent with the over-all legislative scheme of the Community College Act of 1967. For example, RCW 28.85.090 gives the state board general supervision and control over the community college system and enumerates certain duties which the state board will have. Each of these duties is supervisory, rather than ministerial. By contrast, RCW 28.85.140 gives local boards powers and duties which are ministerial in nature and which are subject to varying degrees of control by the state board. In short, the Community College Act of 1967 is structured in such a way as to give the state board supervisory control over the affairs of the community college system and the local boards day-to-day ministerial control, subject to supervision of the state board, over the affairs of their individual community college districts.

In our judgment, delegation of ministerial functions to local boards in connection with eminent domain proceedings, as was done in the instant case, conforms to the specific statutory language and general statutory scheme of the 1967 act. We hold that, under the 1967 act, such delegations by the state board are permissible, provided the state board exercises supervisory control commensurate with retention of the eminent domain power in itself.

Petitioners' second assignment of error is to the trial court's refusal to dismiss the local board as a party to the action. It is petitioners' contention that the local board is neither a necessary nor a proper party to the action because only the state board has eminent domain power. We disagree.

Resolution No. 11-67 of the state board states that the local board is to use local funds which are available for such purposes to acquire the desired land. Obviously, the local board will be deeply involved in the mechanics of

securing the local funds[4] and paying for the land in the second stage of the condemnation proceedings.[5] This involvement is enough to make the local board at least a "proper" party to the condemnation proceedings as that term is commonly used. *See* 67 C.J.S. *Parties* § 1(f)(1) (1950).

Petitioners' third assignment of error is to the trial court's failure to dismiss the action on the ground that the proposed acquisitions of land for the Seattle Community College would exceed statutory limitations. RCW 28.58.070 limits acquisitions of land by *school districts* through condemnation proceedings to no more than 75 acres for any community college purpose. It is petitioners' contention that this statutory limitation applies to the proceedings before us. We cannot agree with this contention.

In our view, the Community College Act of 1967 is a distinct legislative expression, complete in itself. It supersedes previous legislative expressions about community colleges. Since the act contains no limitations as to acreage acquisitions, none should be imposed in the present case.

Petitioners assert, however, that although the acreage limitation of RCW 28.58.070 does not affect actions commenced *after* the effective date of the 1967 act, the limitation, through RCW 28.85.620, does affect actions, such as this one, initially commenced *prior* to the effective date of the 1967 act.

█ RCW 28.85.620 is a "saving" provision. It provides that actions begun prior to the effective date of the act will remain in full force and effect under the new act, with appropriate new parties established by the act, such as the

---

[4]The "local funds" which the state board evidently had in mind were acquired by Seattle School District No. 1 prior to enactment of the 1967 act. Under RCW 28.85.300, title to these funds remained in the school district unless they were transferred to the local board within 30 days after the effective date of the 1967 act.

[5]Condemnation proceedings involve three separate judgments: A decree of public use and necessity, a judgment fixing the amount of compensation, and a decree transferring title. *Des Moines v. Hemenway,* 73 Wn.2d 130, 437 P.2d 171 (1968).

state and local boards, taking the places of the parties they succeed.

It would thus appear that the purpose of this provision is to avoid and render unnecessary a repetition of accomplished proceedings. Nothing in the provision in any way suggests an intent to limit the powers granted to the state board under other provisions of the act. Under these circumstances, we see no basis for imposing the prior acreage limitation urged by petitioners. *See* 3 J. Sutherland, Statutory Construction § 4937 (1943).

The order of public use and necessity issued by the trial court is affirmed.

FINLEY, C. J., HUNTER and NEILL, JJ., and LANGENBACH, J. Pro Tem., concur.