[No. 45647.   En Banc.   January 5, 1979.]

ALBERT H. BAKER, *Respondent*, v. BETTY M. BAKER, *Respondent*, TEACHERS INSURANCE & ANNUITIES ASSOCIATION COLLEGE RETIREMENT EQUITY FUNDS (TIAA–CREF), *Appellant*.

*Moriarty, Long, Mikkelborg & Broz, Pamela A. Okano,* and *Alexander Wirt,* for appellant.

*Robben & Blauert* and *Paul W. Robben,* for respondent.

HICKS, J.—This appeal was certified to this court by the Court of Appeals, Division One. It involves a determination of whether monthly United States Naval retirement payments constitute annuity contract benefits under RCW 48.18.430. This statute permits garnishment of annuity contract benefits to the extent that the aggregate amount exceeds $250 per month. We hold that such retirement payments are not annuity contract benefits under the statute.

Respondent, Betty Baker, is a judgment creditor of her former husband, Albert Baker, a retired Navy Commander, for the following amounts: $9,720.82 in past due alimony and $16,588.89 as an award in lieu of property distribution. She caused a writ of garnishment to be issued against appellant, Teachers Insurance and Annuities Association College Retirement Equity Funds (TIAA–CREF), as garnishee defendant. TIAA–CREF answered that it had no funds due and owing to Albert Baker, judgment debtor. Transmittal correspondence accompanying the answer indicated that Albert Baker is the owner of two policies, receiving monthly payments as follows:

1. TIAA, Fixed, Periodic Retirement
   Benefits — $ 34.23
   Interest Dividend — 34.66
2. CREF, Variable Annuity, current
   payment — 34.79
   $104.68

TIAA–CREF asserts that payments to Albert Baker under its annuity contracts are exempt from garnishment under RCW 48.18.430(1)(b), which provides a $250 per month total exemption for annuity contract benefits. Baker also receives monthly military retirement payments of $913.63. Betty Baker contends that this pay constitutes annuity contract benefits as defined in RCW 48.18.430(3), therefore, the aggregate monthly amount exceeds the $250 exemption and TIAA–CREF has garnishable assets. The trial court found Baker's retirement pay constituted an annuity which should be included in determining the allowable exemption. The trial court's order did not purport to establish the extent of garnishable assets held by TIAA–CREF.

Initially, it should be noted that Albert Baker has made no appearance in these proceedings. Respondent, Betty Baker, raises a standing issue for the first time on appeal, asserting that her former husband is the only proper party to assert the claimed exemption from garnishment. Respondent indicated in argument to this court that the primary purpose of the instant action was to obtain her out–of–state former husband's presence in court. We understand her frustration in that respect, yet the issue of standing was not submitted to the trial court, hence, it may not be considered on appeal. *Boeing v. State,* 89 Wn.2d 443, 572 P.2d 8 (1978). We do note, however, the general rule that the garnishee defendant may plead, as a defense to the garnishment, the exemption of the defendant from process. 6 Am. Jur. 2d *Attachment and Garnishment* § 363 (1963). *See* RCW 7.33.150, .240, .250, and .260. Under RCW 7.33.100, TIAA–CREF was required to send a copy of its answer to the defendant, notifying Albert Baker of the action and its position.

RCW 48.18.430(1) exempts from creditors' claims a maximum of $250 per month of benefits due and payable under all "annuity contracts" under which the debtor is an

annuitant.[1] RCW 48.18.430(3) defines "annuity contract" within the meaning of the section:

An annuity contract within the meaning of this section shall be any obligation to pay certain sums at stated times, during life or lives, or for a specified term or terms, issued for a valuable consideration, regardless of whether or not such sums are payable to one or more persons, jointly or otherwise, but does not include payments under life insurance contracts at stated times during life or lives, or for a specified term or terms.

For purposes of property disposition upon dissolution, this court has characterized military retirement pay as a form of employee compensation. *Payne v. Payne*, 82 Wn.2d 573, 512 P.2d 736 (1973); *Wilder v. Wilder*, 85 Wn.2d 364, 534 P.2d 1355 (1975). Respondent acknowledges that Albert Baker's retirement pay is subject to garnishment as earnings under RCW 7.33.280. Indeed, the record indicates that she has garnished his retirement pay pursuant to 42 U.S.C. § 659 (1976), which looks to the applicable state law for allowable exemptions. The Navy Finance Center

---

[1]RCW 48.18.430 provides in pertinent part as follows:

"(1) The benefits, rights, privileges and options which under any annuity contract heretofore or hereafter issued are due or prospectively due the annuitant who paid the consideration for the annuity contract, shall not be subject to execution nor shall the annuitant be compelled to exercise any such rights, powers or options, nor shall creditors be allowed to interfere with or terminate the contract, except:

". . .

"(b) The total exemption of benefits presently due and payable to any annuitant periodically or at stated times under all annuity contracts under which he is an annuitant, shall not at any time exceed two hundred and fifty dollars per month for the length of time represented by such installments, and that such periodic payment in excess of two hundred and fifty dollars per month shall be subject to garnishee execution to the same extent as are wages and salaries.

"(c) If the total benefits presently due and payable to any annuitant under all annuity contracts under which he is an annuitant, shall at any time exceed payment at the rate of two hundred and fifty dollars per month, then the court may order such annuitant to pay to a judgment creditor or apply on the judgment, in installments, such portion of such excess benefits as to the court may appear just and proper, after due regard for the reasonable requirements of the judgment debtor and his family, if dependent upon him, as well as any payments required to be made by the annuitant to other creditors under prior court orders."

deducts 75 percent as exempt from garnishment. *See* RCW 7.33.280. Within the garnishment title, RCW 7.33, the definition of the term "earnings" specifically includes "periodic payments pursuant to a pension or retirement program." RCW 7.33.010(3).[2]

█ The legislature is presumed to be familiar with its prior enactments when it enacts a new statute. *Leonard v. Bothell,* 87 Wn.2d 847, 853, 557 P.2d 1306 (1976). Because the applicable provisions of RCW 7.33 follow RCW 48.18-.430 by some 20 years, we believe that the legislature did not intend pension or retirement payments to be treated as annuity contracts for garnishment purposes. Contracts within the definition of "annuity contract" under RCW 48.18.430(3) may constitute part or all of a retirement program. If such is the case, periodic payments thereunder would be defined as "earnings" under RCW 7.33.010(3) in garnishment proceedings.

█ RCW 48.18.430. is a special exemption and garnishment statute. If it is read as a garnishment statute in pari materia with RCW 7.33, one may avoid the anomaly of different exemptions, depending upon the statute invoked. If an "annuity contract" payment meets the definition of "earnings" under RCW 7.33.010(3) because it is part of a pension or retirement program, the payment would be garnishable only in accordance with RCW 7.33.280. If it does not meet the "earnings" test, then the garnishment provisions of RCW 48.18.430(1)(b) and (c) would apply.

RCW 48.18.430 is contained in the Washington Insurance Code, RCW Title 48. Implicitly, the statute applies only to contracts purchased by the annuitant from one in the business of "issuing" annuity contracts. This interpretation in itself would distinguish the normal pension and retirement

---

[2]RCW 7.33.010(3) reads as follows: "As used in this chapter, the term 'earnings' means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program."

payment from a contractual annuity benefit. Our disposition of the instant case makes it unnecessary to determine that issue, however.

We hold that Albert Baker's military retirement pay is not an "annuity contract" under RCW 48.18.430; thus, the payments are not to be considered in aggregating the $250 allowable exemption under the statute.

Reversed and remanded.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., concur.