[No. 18078-2-II.   Division Two.   February 16, 1996.]

NADINE BOUR, *Respondent*, v. MICHAEL JOHNSON, ET AL., *Defendants, and* DEEP PACIFIC FISHING CO., *Appellant*.

644

*James A. Cathcart* and *Bonneville, Viert, Morton & McGoldrick*, for appellant.

*Michael E. Ritchie* and *Dolack, Hansler, Loran, Rowan & Ritchie, P.S.*, for respondent.

BRIDGEWATER, J. — Deep Pacific Fishing Co. appeals a superior court order entering judgment for Bour pursuant to a Supreme Court mandate. Bour's default judgment against Deep Pacific, based upon Deep Pacific's failure to answer a writ of garnishment of wages owed one of its employees, survived a calculation-of-judgment challenge in the Supreme Court. In Deep Pacific's latest appeal we hold that the judgment is not void; the trial court had subject matter jurisdiction of a garnishment action despite a federal statute that exempts a seaman's wages from garnishment under most circumstances. We affirm.

Deep Pacific appeals to this court for the second time. In an unlawful detainer action, Nadine Bour obtained a judgment against one of Deep Pacific's employees — a crew member on a fishing vessel. In aid of execution of the judgment, Bour served a writ of garnishment on Deep Pacific, who owed the employee wages. Deep Pacific failed to answer the writ, and the superior court entered a default judgment against Deep Pacific. The employee subsequently filed for bankruptcy protection; Deep Pacific moved for a reduced judgment pursuant to RCW 6.27.200.[1]

---

[1] RCW 6.27.200 states in pertinent part that "upon motion by the garnishee at any time within seven days following service on . . . the garnishee defendant of a copy of a . . . writ of garnishment under such [default] judgment, the judgment against the garnishee shall be reduced to the amount of any nonexempt funds." Nonexempt funds are defined, for example, as 25 percent of the defendant's disposable income. *See* RCW 6.27.150(1)(b) (defining exempt funds).

*Bour v. Johnson*, 122 Wn.2d 829, 831, 864 P.2d 380 (1993).

Deep Pacific claimed in its first appeal that the superior court miscalculated the amount of the reduced judgment. Specifically, Deep Pacific argued that its employee's bankruptcy petition affected "the amount of the reduced default judgment enforceable against Deep Pacific as garnishee under RCW 6.27.200." *Bour*, 122 Wn.2d at 831. The Supreme Court determined that the bankruptcy petition did not further reduce the judgment because "the judgment [did] not affect property of the debtor [Deep Pacific's employee]." *Bour*, 122 Wn.2d at 834, 837. Deep Pacific filed a motion for reconsideration, raising for the first time the issue whether the default judgment was void at its inception because 46 U.S.C. § 11109[2] deprived the trial court of subject matter jurisdiction to serve the writ. The Supreme Court denied the motion without comment. The Supreme Court mandated the case to superior court for further proceedings in accordance with its opinion.

Following the mandate in superior court, Deep Pacific filed a CR 60 motion to vacate, arguing the judgment was void at its inception because under 46 U.S.C. § 11109 the trial court was without subject matter jurisdiction. The trial court denied the motion without comment and entered judgment for Bour pursuant to the Supreme Court mandate.

■ "Jurisdiction over the subject matter of an action is an elementary prerequisite to the exercise of judicial power." *In re Buehl*, 87 Wn.2d 649, 655, 555 P.2d 1334 (1976). A judgment is void if entered without subject matter jurisdiction. *In re Ortiz*, 108 Wn.2d 643, 649, 740 P.2d 843 (1987) (citing *Dike v. Dike*, 75 Wn.2d 1, 7, 448 P.2d 490 (1968)). The rules allow a party to raise lack of subject matter jurisdiction at any time: before there is a final

---

[2]*See* text of statute *infra*.

judgment, CR 12(h)(3)[3] and RAP 2.5(a)(1),[4] and after a final judgment has been entered, CR60(b)(5).[5] Thus, a judgment may be vacated if there was no subject matter jurisdiction, even though a mandate has been issued.

Deep Pacific contends 46 U.S.C. § 11109 denies the superior court subject matter jurisdiction to issue a writ of garnishment on the employer of an individual employed on a fishing vessel.

The determination of whether a court has subject matter jurisdiction is a question of law reviewed de novo. *In re Kastanas*, 78 Wn. App. 193, 197, 896 P.2d 726 (1995). "As courts of general jurisdiction, superior courts have long had the 'power to hear and determine all matters, legal and equitable, . . . except in so far as these powers have been expressly denied.' " *In re Major*, 71 Wn. App. 531, 533, 859 P.2d 1262 (1993) (quoting *State ex rel. Martin v. Superior Court*, 101 Wash. 81, 94, 172 P. 257 (1918)). Subject matter jurisdiction is the authority to hear and determine the class of action to which a case belongs, not the authority to grant the relief requested, or the correctness of the decision. *See State v. Pritchard*, 79 Wn. App. 14, 19-20, 900 P.2d 560 (1995); *Major*, 71 Wn. App. at 536; 21 C.J.S. *Courts* § 18, at 24 (1990).

---

[3]"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." CR 12(h)(3).

[4]"[A] party may raise the following claimed error[ ] for the first time in the appellate court: (1) lack of trial court jurisdiction . . . ." RAP 2.5(a).

[5]Under CR 60(b)(5) a court may vacate a void judgment at any time. CR 60(b)(5) states in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reason[ ]:

. . .

(5) The judgment is void[.]

A judgment is void if entered without personal jurisdiction, subject matter jurisdiction, or if entered by a court which lacks the inherent power to enter the particular order involved. *In re Ortiz*, 108 Wn.2d 643, 649, 740 P.2d 843 (1987) (citing *Dike v. Dike*, 75 Wn.2d 1, 7, 448 P.2d 490 (1968)).

The federal statute states in pertinent part:

> **(a)** Wages due or accruing to a master or seaman are not subject to attachment or arrestment from any court, except for an order of a court about the payment by a master or seaman of any part of the master's or seaman's wages for the support and maintenance of the spouse or minor children of the master or seaman, or both. A payment of wages to a master or seaman is valid, notwithstanding any prior sale or assignment of wages or any attachment, encumbrance, or arrestment of the wages.
>
> . . . .
>
> **(c)** This section applies to an individual employed on a fishing vessel or any fish processing vessel.

46 U.S.C. § 11109. The statute exempts a seaman's wages from garnishment proceedings, unless the garnishment is for the maintenance of a spouse or minor children.[6]

■ Our Legislature has expressly given the superior court authority to conduct garnishment proceedings. RCW 6.27.020-.360. In Washington, a garnishment proceeding takes its jurisdiction from the main suit: "As a general rule, a garnishment proceeding is not an original proceeding. Rather, it is ancillary to and dependent upon a principal action between a creditor and debtor." *North Sea Prods., Ltd. v. Clipper Seafoods Co.*, 92 Wn.2d 236, 239, 595 P.2d 938 (1979); RCW 6.27.060 (plaintiff must have unsatisfied judgment in court where writ sought). This is the majority rule. 30 Am Jur 2d *Executions and Enforcement of Judgments* § 648, at 424 (1994). *Accord* 6 Am Jur 2d *Attachment and Garnishment* § 17, at 573 (1963

---

[6]The United States Supreme Court opined:

> [T]his statute is . . . to be liberally interpreted with a view to effecting the protection intended to be extended to a class of persons whose improvidence and prodigality have led to legislative provisions in their favor, and which has made them, as Mr. Justice Story declared, "the wards of the admiralty."

*Wilder v. Inter-Island Steam Navigation Co.*, 211 U.S. 239, 246-47, 29 S. Ct. 58, 61, 53 L. Ed. 164 (1908) (interpreting predecessor statute) (holding that statute prevents seizure of seaman's wages by writ of garnishment in aid of execution of judgment).

and 1995 supp.) (court with authority to proceed in main suit is court having authority in the garnishment proceeding).

Despite a superior court's statutory authority to issue a writ of garnishment, the superior court is denied subject matter jurisdiction to issue a writ of garnishment when the garnishee under no circumstances would be liable. *State ex rel. Summerfield v. Tyler*, 14 Wash. 495, 500-01, 45 P. 31 (1896) (county not liable because not subject to writ). In *North Sea Prods.* our Supreme Court held that the superior court was without subject matter jurisdiction to issue a writ of garnishment on a tribal council because the tribe had general immunity from suit. *North Sea Prods.*, 92 Wn.2d at 237-41. The court noted that,

> despite the ancillary nature of the proceeding, we are satisfied that, when the state statutory proceeding of garnishment is properly invoked and considered against the backdrop of the doctrine of Indian tribal immunity, it embraces sufficient characteristics of a direct proceeding against a garnishee Indian tribe to bring it within the ambit of the pertinent immunity.

*North Sea Prods.*, 92 Wn.2d at 239. When the garnishee is not subject to suit, a judgment sought to be enforced is void. When the court otherwise has subject matter jurisdiction and renders a judgment upon a complaint that does not state a cause of action, the judgment is not void but simply erroneous. *See Summerfield*, 14 Wash. at 500. *See also* RCW 6.27.060-.070 (writ issued based in part on plaintiff's *reasonable belief* that garnishee is indebted in an amount that exceeds that exempted by state and federal statutes).

■ Neither Deep Pacific nor its employees belong to a class that enjoys immunity from suit. The federal statute is not an express denial of the superior court's subject matter jurisdiction to issue a writ because the federal statute allows a circumstance in which a writ may be issued: for the support and maintenance of a spouse or

minor child. 46 U.S.C. § 11109(a). Because the federal statute does not prevent a writ of garnishment being issued under all circumstances against a seaman's wages, the statute does not deny a superior court subject matter jurisdiction to enter judgment upon a writ of garnishment, even when the writ is erroneously issued.

Deep Pacific could have raised the exemption defense. The garnishment statute, RCW 6.27, contains exemptions that the judgment debtor may claim. RCW 6.27.140, .160. Deep Pacific contends that it overlooked the federal statute and did not claim it until its motion for reconsideration to the Supreme Court, despite the fact that Washington is a fishing state and the federal statute has been in existence since the 19th century. *Wilder*, 211 U.S. at 242. We hold that the federal statute does not deny the superior court subject matter jurisdiction to issue a writ of garnishment; rather, it provides an exemption defense. In any event, failure to raise this defense in the trial court waived review in the appellate court pursuant to RAP 2.5(a). The trial court had subject matter jurisdiction from the inception.

Bour requests attorney's fees pursuant to RCW 6.27.200. RCW 6.27.200 permits but does not require attorney's fees for "other actions taken because of the garnishee's failure to answer." We award attorney's fees to Bour upon compliance with RAP 18.1(d). We have not granted fees based upon RAP 18.9 for frivolous appeal, but only because fees can be granted pursuant to statute.

We affirm.

HOUGHTON, A.C.J., and TURNER, J., concur.