[No. 26538-2-III. Division Three. April 28, 2009.]

SPOKANE AIRPORTS, *Appellant*, v. RMA, INC., *Respondent*.

*Robert A. Dunn* and *Kevin W. Roberts* (of *Dunn & Black, PS*); and *Michael C. Ormsby* (of *K&L Gates, LLP*), for appellant.

*Timothy M. Lawlor* and *Matthew W. Daley* (of *Witherspoon Kelley Davenport & Toole*); and *William D. Symmes*, for respondent.

¶1 SWEENEY, J. — Authority to condemn property for a public purpose is vested in the government. RCW 14.07.020 (empowering municipalities to acquire land by eminent domain for airport purposes). Here, an entity called Spokane Airports attempted to condemn property necessary for airport improvements. We conclude that Spokane Airports did not have the authority to do that, and we reverse and dismiss this condemnation action.

## FACTS

¶2 The city of Spokane (City) and Spokane County (County) jointly operate Spokane International Airport. They entered into a joint agreement that empowered a board—the Spokane Airport Board—to operate, maintain, and develop Spokane International and other airports.

¶3 RMA, Inc., d/b/a Spokane Airways, is a fixed base operation at Spokane International. Fixed base operators provide support and maintenance services to private and commercial aircraft carriers from airport property. By 2006, RMA leased nine buildings from the Airport Board for its operations.

¶4 The Spokane Airport Board began work to construct a new air traffic control tower at Spokane International in 2006. The Federal Aviation Administration (FAA) required that a line of sight from the tower be cleared, and this required that a number of buildings at Spokane International be removed, including a number leased to RMA. The City and the County passed a resolution on October 2, 2006, condemning the leases between the Airport Board and RMA.

¶5 "Spokane Airports, a Joint Operation with the City of Spokane and the County of Spokane," sued to condemn RMA's leasehold interests for six affected buildings. Clerk's Papers (CP) at 4. Spokane Airports[1] then moved for a judicial determination of public use and necessity. The parties negotiated and stipulated to public use and necessity on December 22, 2006. The superior court entered a stipulated order for immediate possession and use on January 11, 2007. The two stipulated orders required RMA to vacate the subject property by March 20, 2007, and

---

[1] RMA named "Spokane International Airport" and the "Airport Board" as defendants in its summons and complaint. CP at 300, 302. Spokane Airports refers to itself in pleadings alternatively, and imprecisely, as "Spokane Airports" and "Spokane Airport." *See, e.g.*, CP at 1, 4, 137, 204. For consistency, this opinion uses Spokane Airports throughout.

enabled Spokane Airports to construct and operate the new aviation control tower.

¶6 RMA sued Spokane Airports for declaratory relief, breach of contract, and inverse condemnation on April 12, 2007. It claimed the benefit of a number of provisions in its leases with the City and the County and specifically the right to insist that they provide other space on the airport grounds for RMA's operations. Spokane Airports moved to consolidate RMA's contract claims with the condemnation action. RMA opposed consolidation. The superior court ordered the condemnation and contract claims consolidated.

¶7 Spokane Airports next moved to dismiss RMA's suit for failure to state a claim upon which relief could be granted. The trial court granted the motion as to RMA's inverse condemnation claim. But the court refused to dismiss the contract claims. It concluded that the stipulated orders of use and necessity took RMA's possessory interest in the property only.

¶8 Spokane Airports moved in August 2007 for a supplemental order of public use and necessity to expand Spokane Airports' take to include all rights arising out of the leases between the Airport Board and RMA. The court denied Spokane Airports' motion for a supplemental order in a letter ruling on September 27, 2007. The court concluded that the December 22, 2006, order adjudicating public use and necessity condemned only the possessory interest under the leases, "leaving the balance of the lease[s] intact." CP at 411. The superior court further noted: RMA had relinquished possession of the property; Spokane Airports had demolished the buildings; and the FAA had declared the fully constructed control tower operational. Ex post expansion of the order of public use and necessity, the court concluded, "provides no legitimate purpose." CP at 411. The court then denied Spokane Airports' motion. The order also bifurcated the eminent domain and breach of contract compensation issues for trial.

¶9 Spokane Airports appealed the order denying its motion for a supplemental order adjudicating public use and necessity and bifurcating the consolidated cases for trial. RMA moved this court to dismiss Spokane Airports' appeal, contending that the superior court lacked subject matter jurisdiction to consider Spokane Airports' petition for condemnation because Spokane Airports lacked the sovereign's power of eminent domain.

¶10 A commissioner of this court denied RMA's motion to dismiss. RMA then filed a "Supplemental Respondent's Brief" in which RMA incorporated by reference and asked us to consider its motion to dismiss this suit. Spokane Airports moved to strike RMA's supplemental brief. It argued that RMA inappropriately incorporated documents that were not included in the appellate record. RMA responded and moved to supplement the record with the appendices that RMA had included in its motions before the commissioner but had not included in the Clerk's Papers on appeal. Spokane Airports objected.

¶11 Spokane Airports' appeal, RMA's motion to supplement the record, and Spokane Airports' motion to strike are all now before us.

## DISCUSSION

SUPPLEMENTAL BRIEF

¶12 Spokane Airports first asks us to strike RMA's supplemental brief because it includes issues not argued in RMA's appellate brief and not found in the record on appeal. Spokane Airports argues that the rules on appeal do not accommodate a "Supplemental Respondent's Brief."

¶13 RMA responds that it has moved in three separate ways for us to consider RMA's challenge to the court's subject matter jurisdiction. Yet, it continues, the argument has still not been argued or considered on its merits. And RMA argues that lack of subject matter jurisdiction may not be waived and may be raised for the first time on appeal.

¶14 A commissioner of this court denied RMA's motion to dismiss after she concluded that only a panel of judges has the authority to grant that relief. Commissioner's Ruling, *Spokane Airports v. RMA, Inc.*, No. 26538-2-III (Wash. Ct. App. July 17, 2008); *see* RAP 17.1(a). She also directed the clerk of the court to set the matter before a panel of judges. Commissioner's Ruling, *Spokane Airports v. RMA, Inc.*, No. 26538-2-III (Wash. Ct. App. Jan. 12, 2009). There has, then, been no resolution of RMA's jurisdictional challenge. And the challenge is properly before us.

¶15 RAP 17.4(a) (procedure and timeline for filing and serving a motion) and RAP 18.14 (procedure and requirements for motions on the merits) do not prohibit our consideration of the question, as Spokane Airports suggests. And RMA's "Brief on the Merits" raises its objection to the court's subject matter jurisdiction:

> This action was not [brought by the City and the County], and it must be dismissed. These issues are more fully developed in RMA's motion to dismiss and will not be reiterated herein. However, it is important to note that the arguments made in this brief apply only in the alternative - that is, in a contra-factual world where Spokane Airports is a proper condemnor.

Br. of Resp't at 2.

¶16 RMA's supplemental respondent's brief merely formalizes and clarifies what was already before us.

¶17 We therefore deny Spokane Airports' motion to strike RMA's supplemental brief.

RMA'S EFFORTS TO SUPPLEMENT THE RECORD

¶18 RMA moved to supplement this record with pleadings from another case involving Spokane Airports. Those pleadings suggest that Spokane Airports is a separate juridical entity from the City and the County. Spokane Airports objects but complains primarily about the motive behind RMA's attempt to supplement the record.

 ¶19 Generally, we will not accept additional evidence on appeal unless six criteria set out in RAP 9.11 are

satisfied. *Harbison v. Garden Valley Outfitters, Inc.*, 69 Wn. App. 590, 593-94, 849 P.2d 669 (1993). These criteria are:

> (1) additional proof of facts is needed to fairly resolve the issues on review, (2) the additional evidence would probably change the decision being reviewed, (3) it is equitable to excuse a party's failure to present the evidence to the trial court, (4) the remedy available to a party through postjudgment motions in the trial court is inadequate or unnecessarily expensive, (5) the appellate court remedy of granting a new trial is inadequate or unnecessarily expensive, and (6) it would be inequitable to decide the case solely on the evidence already taken in the trial court.

RAP 9.11(a); *State v. Ziegler*, 114 Wn.2d 533, 541, 789 P.2d 79 (1990).

¶20 Here, RMA has met the six required criteria. *See Lawson v. State*, 107 Wn.2d 444, 447-48, 730 P.2d 1308 (1986). The additional evidence includes pleadings filed in an unrelated matter litigated in Spokane County in which Spokane Airports disclaimed that the City or the County are parties in this present action or that Spokane Airports' counsel, Dunn & Black, PS, represents the City or the County. This evidence is important to our disposition of the subject matter jurisdiction issue, so we grant the motion to supplement the record. Moreover, we may also waive the requirements of RAP 9.11 if the new evidence would serve the ends of justice. RAP 1.2(c); *Wash. Fed'n of State Employees, Council 28 v. State*, 99 Wn.2d 878, 884-85, 665 P.2d 1337 (1983).

PROPRIETY OF SPOKANE AIRPORTS AS CONDEMNOR

¶21 RMA contends that both the governing statute (RCW 14.08.200) and the relevant agreement (between the City and the County) require that any condemnation action be brought jointly by, in the names of, and for the benefit of the City and the County. RCW 14.08.200 expressly reserves the power of eminent domain to the City and the County, acting jointly. Subsection (7) of the statute provides that an airport board "*may exercise*, on behalf of the municipalities

acting jointly by which it is appointed, *all the powers of each of the municipalities granted by this chapter, except as provided in this section.*" RCW 14.08.200 (emphasis added). And subsection (9) provides that "[c]ondemnation proceedings shall be instituted, *in the names* of the municipalities jointly." RCW 14.08.200 (emphasis added). RMA asserts that since a municipality's exercise of eminent domain must be derived from an express legislative grant, and since no statute authorizes the municipality to delegate that power to the Airport Board, the delegation claimed here was ineffective. *See Schreiner v. City of Spokane*, 74 Wn. App. 617, 622, 874 P.2d 883 (1994); *In re Condemnation Petition of Seattle Popular Monorail Auth.*, 155 Wn.2d 612, 622, 121 P.3d 1166 (2005).

¶22 RMA notes that judicial power extends only to "cases and controversies." *See To-Ro Trade Shows v. Collins*, 100 Wn. App. 483, 490, 997 P.2d 960 (2000), *aff'd*, 144 Wn.2d 403, 27 P.3d 1149 (2001). Here, it argues that the plaintiff had no standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992); *see also To-Ro Trade Shows*, 100 Wn. App. at 489-90. There was, then, no case or controversy. *To-Ro Trade Shows*, 100 Wn. App. at 490. And the court lacked subject matter jurisdiction. RMA also urges that Spokane Airports cannot hold title to any property acquired through this action because it has no power of eminent domain.

¶23 Spokane Airports responds that RMA's argument confuses cases relating to jurisdictional standing (subject matter jurisdiction) with prudential standing (where a party is not the proper party or the party does not have the right to bring the suit). It argues that the challenge here is to prudential standing and that challenge can be, and was, waived here when RMA failed to assert the challenge in the trial court.

¶24 Spokane Airports also argues that RMA's jurisdictional challenge fails because the legislature delegated eminent domain power for municipal airports to the City and the County. RCW 14.08.200(7). And the City and the

County created the Airport Board to operate the airport. The City and the County then passed a joint resolution providing that the City and the County were jointly exercising their powers of eminent domain to acquire RMA's unexpired leases. Spokane Airports argues that the joint resolution is all that is needed for the proper exercise of the City's and the County's eminent domain power. *See City of Spokane v. Merriam*, 80 Wash. 222, 234, 141 P. 358 (1914). Moreover, it argues that the requirement that Spokane Airports hire its own attorney to administer the condemnation does not affect the joint exercise of the eminent domain power by Spokane Airports. An entity with condemnation power may authorize boards to carry out the mechanical and procedural functions. *State v. King County*, 74 Wn.2d 673, 676, 446 P.2d 193 (1968).

¶25 Whether a party has standing to sue and whether a court has subject matter jurisdiction to hear a claim are issues that may be raised for the first time on appeal. RAP 2.5(a)(1), (3). And, as questions of law, our review is de novo. *Pinecrest Homeowners Ass'n v. Glen A. Cloninger & Assocs.*, 151 Wn.2d 279, 290, 87 P.3d 1176 (2004).

¶26 RCW 14.08.200, the section of the "Municipal Airports—1945 Act" that governs joint operations, provides in relevant part:

> (5) *Municipalities acting jointly . . . shall create a board from the inhabitants of the municipalities for the purpose of acquiring property for . . . the airports . . . .*
>
> . . . .
>
> (7) *Such board may exercise*, on behalf of the municipalities acting jointly by which it is appointed, *all the powers of each of the municipalities granted by this chapter, except as provided in this section.* Real property . . . or personal property costing in excess of a sum to be fixed by the joint agreement, may be acquired, and *condemnation proceedings may be instituted, only by approval of the governing bodies of each of the municipalities involved.* Upon the approval of the governing body, or if no approval is necessary then upon the board's own determi-

nation, such property may be acquired by private negotiation under such terms and conditions as seem just and proper to the board. . . .

. . . .

(9) *Condemnation proceedings shall be instituted, in the names of the municipalities jointly*, and the property acquired shall be held by the municipalities as tenants in common.

(Emphasis added.)

■■ ¶27 We strictly construe statutes that delegate the state's sovereign power of eminent domain. *Pub. Util. Dist. No. 2 of Grant County v. N. Am. Foreign Trade Zone Indus., LLC*, 159 Wn.2d 555, 565, 151 P.3d 176 (2007). And "[c]ondemnation powers must be delegated in express terms or exist by clear implication." *City of Des Moines v. Hemenway*, 73 Wn.2d 130, 133, 437 P.2d 171 (1968); RCW 8.12.030. Here, "Spokane Airports, a Joint Operation with the City of Spokane and the County of Spokane" petitioned for condemnation. CP at 4. The condemnation petition alleges that Spokane Airports acts pursuant to a joint resolution of the City and the County, which authorized Spokane Airports to exercise the eminent domain powers "granted to the County of Spokane pursuant to the provisions of RCW 8.08 *et seq.*" CP at 4-5. RCW 14.08.200(9) appears to require that the City and the County petition in their names for condemnation. So, the first question before us is whether they could or did delegate their condemnation power to Spokane Airports.

*Authority To Delegate and Propriety of the Delegation*

■ ¶28 In *King County*, the state Board for Community College Education, by resolution, authorized a community college district to acquire certain described property by condemnation. 74 Wn.2d at 675. The petitioners argued that the effect of the resolution was to make the local board the condemnor, *even though the local board brought the condemnation action in the state board's name. Id.* The county argued that the resolution was an unlawful attempt

on the part of the state board to delegate its power of eminent domain to the local board. *Id.* The court concluded there was a lawful delegation because the resolution provided that condemnation actions " 'shall be brought in the name of the State Board for Community College Education.' " *Id.* The resolution merely delegated to the local board the ministerial functions of obtaining the desired land. *Id.* at 676. And delegation of those ministerial functions was permissible. *Id.*

¶29 *King County* is distinguishable. There, the local board complied with a requirement set out in the resolution—that any condemnation action be filed in the name of the state board. Here, the joint resolution contained no such requirement. And Spokane Airports brought the condemnation petition in its name only. The joint resolution here attempts to delegate powers of eminent domain, not just ministerial functions, to Spokane Airports.

¶30 The City and the County did not have authority to delegate their power to condemn to Spokane Airports. At most, they could authorize Spokane Airports to exercise the ministerial duties attendant to taking RMA's property by condemnation. The October 2006 joint resolution recognizes that the joint agreement creating the Spokane Airport Board delegated to the board all the municipalities' powers to manage, operate, and control the airport, *"except that eminent domain powers must be exercised jointly by the City and the County of the* [sic] *Spokane."* CP at 9 (emphasis added). But, later in the same joint resolution, the City and the County purport to authorize the Airport Board to exercise all of the powers of eminent domain granted to the County. This exceeds the statutory authority of RCW 14.08.200. The statute requires that the City and the County file the condemnation petition in their names. Here, even ignoring the imprecision of the difference in names between the "Airport Board" to which the City and the County attempted to delegate their authority and the "Spokane Airports" that sued in superior court, Spokane Airports impermissibly filed the petition in its name only.

*Subject Matter Jurisdiction Versus Prudential Standing*

¶31 Spokane Airports contends nonetheless that even if the City and the County lacked authority to delegate their powers of eminent domain to the Airport Board, RMA cannot raise this lack of authority for the first time on appeal. Spokane Airports relies on case law that distinguishes prudential standing from jurisdiction. Prudential standing cannot be raised for the first time on appeal.

¶32 RMA counters that prudential standing is jurisdictional when the lack of standing results in there being no case and controversy for the superior court to consider.

¶33 A court lacks subject matter jurisdiction when a necessary party under a statute is not a party to the action before it. *See Laffranchi v. Lim*, 146 Wn. App. 376, 190 P.3d 97 (2008) (reversing the trial court's grant of unlawful detainer because a tenant in possession of a residence following the sale of his landlord's interest is a necessary party to an unlawful detainer proceeding brought by the purchaser, and without that necessary party, the trial court lacked subject matter jurisdiction).

¶34 Again, we strictly construe statutes granting the power of eminent domain. *In re Petition of City of Seattle*, 96 Wn.2d 616, 629, 638 P.2d 549 (1981). Spokane Airports did not satisfy the statutory requirement that condemnation actions be filed in the names of the City and the County. RMA may, therefore, raise the lack of compliance with the statutory requirement for the first time in this appeal.

¶35 RCW 14.08.200(9) *required that the City or the County* file the condemnation petition in its name. The cases Spokane Airports relies on do not feature equivalent requirements.

¶36 In *Bour v. Johnson*, Mr. Bour obtained a default judgment against Deep Pacific Fishing Company for its failure to answer a writ of garnishment of wages owed one of its employees. 80 Wn. App. 643, 910 P.2d 548 (1996). A

federal statute exempted a seaman's wages from garnishment. Deep Pacific filed a CR 60 motion to vacate. It argued that the judgment was void at its inception because the trial court was without subject matter jurisdiction. The court noted that "[s]ubject matter jurisdiction is the authority to hear and determine the class of action to which a case belongs, not the authority to grant the relief requested, or the correctness of the decision." *Id.* at 647. And RCW 6.27.020-.360 expressly empower the superior court to conduct garnishment proceedings. *Id.* at 648. Because the federal statute contained an exception for writs of garnishment for support and maintenance of a spouse or minor child, the court held that the statute did not deny a superior court subject matter jurisdiction. *Id.* at 649-50. Rather, it just provided for an exemption.

¶37 In *Baker v. Baker*, the ex-wife of a retired navy officer caused a writ of garnishment to issue against an annuities association as the garnishee defendant, to garnish monthly annuities payments to her former husband. 91 Wn.2d 482, 588 P.2d 1164 (1979). For the first time on appeal, the wife asserted that her ex-husband, who did not appear below, was the only proper party, not the annuities association, to assert the claimed exemption from garnishment. The court held that the issue of standing could not be considered for the first time on appeal. The general rule is stated in *Amalgamated Transit Union Local 587 v. State* as follows:

> [O]utside the context of the Uniform Declaratory Judgments Act [(ch. 7.24 RCW)], standing is an issue that must be raised in the trial court. *E.g., Baker v. [Baker]*, 91 Wn.2d 482, 484, 588 P.2d 1164 (1979); *Tyler Pipe Indus., Inc. v. Dep't of Revenue*, 105 Wn.2d 318, 327, 715 P.2d 123 (1986), *vacated on other grounds*, 483 U.S. 232[, 107 S. Ct. 2810, 97 L. Ed. 2d 199] (1987).

142 Wn.2d 183, 203 n.4, 11 P.3d 762, 27 P.3d 608 (2000).

¶38 The issue here involves subject matter jurisdiction, not simply standing. *See Skagit Surveyors & Eng'rs, LLC v.*

*Friends of Skagit County*, 135 Wn.2d 542, 556-57, 958 P.2d 962 (1998) (holding that when a petitioner lacks standing, the court is without subject matter jurisdiction to entertain the claim). And RMA may raise that issue for the first time on appeal. RAP 2.5(a)(1); *Skagit Surveyors & Eng'rs*, 135 Wn.2d at 556. We conclude that Spokane Airports had no authority to condemn property, that its activities here were more than ministerial, and that the superior court then had no jurisdiction over the subject matter of this controversy.

¶39 We deny Spokane Airports' motion to strike RMA's supplemental brief, and we grant RMA's motion to supplement the record on appeal. We also deny fees on appeal. There is no cognizable condemnation action. The action is reversed and dismissed.

KULIK, A.C.J., and KORSMO, J., concur.

Review denied at 167 Wn.2d 1017 (2010).